HARRY S. TABER *vs.* WEST SHORE GOLF CLUB, INC.

JUNE 12, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. This cause was heard by us on motion of the receiver to dismiss an appeal from a decree confirming a sale of personal property made in accordance with an order entered on the preceding day by the same justice who entered the decree appealed from.

On March 12, 1931, said justice entered an order that the amount of the bid of Ernest B. Hodsen for said property be deposited in the registry of the court. Although said justice orally directed the receiver to accept said bid, no decree specifically authorizing the sale was entered. On the following day said justice entered a decree confirming a sale to

said Hodsen for the amount paid into the registry of the court pursuant to said order on the preceding day. On March 24, eleven days after the entry of said decree, the appellant filed reasons of appeal from said decree. A justice of said court dismissed said reasons and on April 13, 1931, said appellant again filed the same reasons of appeal.

The receiver contends that the decree appealed from is an interlocutory decree and hence that an appeal filed later than ten days after the entry thereof was taken too late. Section 34, Chap. 339, G. L. 1923 provides that whenever a sale of real or personal property shall be "ordered by an interlocutory order or decree, an appeal may be taken from such order or decree to the Supreme Court at any time within ten days from the entry thereof . . ."

The order to pay the amount of money into the registry of the court was evidently intended to be an order by said justice to the receiver to accept said bid and sell for said amount to the person making the bid. It would have been much better practice had a formal order authorizing the sale been entered. However, the appellant had knowledge of the entry of said order at the time it was entered and on the following day had knowledge of the entry of the decree confirming the sale. If the appellant was of the opinion that said order did not authorize a sale, he knew on the following day that a sale had been authorized and that the sale had been made and confirmed. Had he desired to question the validity of said sale he should have appealed within ten days from the entry of the decree confirming the sale. We are now assuming that the ten days did not commence to run from the entry of said order, but we do not so decide. In either event the appellant has not acted within ten days after an order or decree of sale as required by said section 34.

The statute having specifically provided as to the period within which an appeal may be taken from an interlocutory order or decree authorizing the sale of property, we are not at liberty to extend the time on the ground that the decree

"has such an element of finality" that there should be an opportunity for review without waiting for the entry of the final decree. The statute gives an opportunity to appeal at any time within ten days. *Fairchild* v. *Uniform Seamless Wire Co.*, 41 R. I. 139. In *Edwards* v. *Miller*, 47 R. I. 235, relied upon by the appellant, the decree authorized a receiver to compromise a claim, and the statute did not include such a decree in the list of interlocutory decrees which may be appealed from within ten days. The decree appealed from is not a final decree, from which an appeal may be taken within thirty days after the entry thereof. *McAuslan* v. *McAuslan*, 34 R. I. 462.

The appeal is denied and dismissed and the cause is remanded to the Superior Court for further proceedings.

*Cianciarulo & Cianciarulo, Judah C. Semonoff*, for complainant.

*Edmund F. Beagan*, Receiver, *pro se ipso.*