221 A.2d 453.

ALDEN REDFERN *et al. vs.* THE CHURCH OF THE MEDIATOR IN PROVIDENCE *et al.*

JULY 8, 1966.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This bill in equity is brought by certain members of the Church of the Mediator in Providence, a religious and charitable corporation organized in and under the laws of this state and hereinafter referred to as "the church." The respondents are the church, its minister, and its officers and trustees. The cause is before us on the complainants' appeal from a decree of the superior court sustaining certain objections made by the respondents to a report filed by Frank B. Frederick, Esquire.

The litigation has its origin in a long-standing dispute among the members of the church who differ as to how its affairs shall be conducted. The bill seeks an accounting of the receipts and expenses of the church and a detailed statement of its financial condition, an order enjoining the respondent minister from admitting to membership in the church "any person who is ineligible by reason of the fact that he or she does not believe in the traditions and tenets of the Universalist religion," an injunction against the call of a meeting for the purpose of approving the sale of certain church assets, and the appointment of some person or persons by the court to examine the roll and to determine who among them was eligible to vote at church meetings. Coincident with the commencement of the proceedings respondents were restrained pending further order of the court in accordance with the prayers of the bill.

When the cause was reached for hearing on preliminary injunction a consent decree was entered and the restraining order then in effect was modified in the following particulars. Meetings of the membership and of the congregation were authorized to be called by Mr. Frederick, the general counsel of the Unitarian Universalist Associa-

tion, so that those members of the church qualified to vote under its constitution could pass on questions relating to the retention of the respondent minister in office, the discontinuance of these proceedings, and the authorization of the sale of certain securities owned by the church in an amount not in excess of $11,000. In addition, authority was conferred upon Mr. Frederick to preside at the meetings and to determine which of the church members were eligible to vote thereat.

In due course the meetings were held and thereafter Mr. Frederick reported to the court that a majority of those determined by him to be qualified voters were opposed to retaining the minister, to discontinuing the proceedings and to selling the securities. He also reported that the results might be otherwise if on review the court were to differ with his conclusions as to voter eligibility.

Within thirty days of the filing of that report respondents lodged their objection in the superior court and after extended hearings a justice of that court determined that twelve of the twenty-two members ruled by Mr. Frederick to be ineligible to vote were in fact qualified voters. When Mr. Frederick's tabulation of the results of the voting was adjusted to reflect the inclusion of the votes of those twelve, the vote on each question was contrary to that originally reported by him. The retabulation and the findings upon which they were predicated were incorporated in the decree of September 17, 1965 from which this appeal has been taken.

Following the entry of the decree complainants petitioned for certiorari praying that the decree be quashed, and when we denied certiorari on October 1, 1965 they claimed an appeal on October 7, 1965. Before their reasons of appeal were filed, however, respondents on October 9, 1965 moved that the restraining order previously entered on November 23, 1964 be vacated or, in the alternative, that it be modified so as to permit the sale of the

securities. That motion is still pending in the superior court.

The differences between the parties concern primarily their opposing views on the question of the jurisdiction of the superior court to pass on the objections to the Frederick report. The complainants, although they did not urge the view when the objections were heard in the superior court, now argue that Mr. Frederick was a referee whose report was by G. L. 1956, §9-15-4, made conclusive upon the parties and that the trial justice was without authority to alter or reverse his findings. The respondents contend, however, that Mr. Frederick was a master and that the trial justice was duty bound to consider and pass upon their objections to the report.

Whatever the merits of those respective contentions, they are beyond our power to determine on this appeal. Clearly the decree appealed from is interlocutory rather than final. This the parties admit. While ordinarily the interlocutory nature of the decree without more would deter us from hearing this appeal, we will act otherwise if this cause falls within either of the classes of exceptions where we will review notwithstanding that the decree appealed from is not final. One is legislatively created and allows an appeal from an interlocutory decree which grants or continues an injunction, or appoints a receiver, or orders a sale of real or personal property. This is provided for in G. L. 1956, §9-24-7. The other is judicial in origin and permits the review of a decree which although in a strict sense interlocutory has such an element of finality that we will act before the case has finally terminated in order to prevent possible injurious consequences. *McAuslan* v. *McAuslan,* 34 R. I. 462.

The complainants, who are the appellants, give us no assistance. They do not contend that their appeal falls within either classification but instead say that they

claimed it "for fear that the said decree might be considered * * * to have been final in nature or effect * * *." In addition, and we would have shared their expectation, they say that they "expected that the question * * * would be raised by the appellees upon a motion to dismiss the appeal."

The respondents, on the other hand, argue the propriety of the appeal on the ground that it continues in effect a temporary injunction and for that reason qualifies as an exception under §9-24-7. Assuming the correctness of their position, the appeal still is not properly here because it was lodged more than ten days after the entry of the decree appealed from. The failure to comply with the ten days' time limitation fixed by §9-24-7 as it read when this appeal was taken defeats our jurisdiction. *Taber* v. *West Shore Golf Club, Inc.,* 51 R. I. 390.

The respondents advance two additional arguments. First they say that the decree, if not appealable under §9-24-7, may be appealed under the *McAuslan* doctrine. They argue in addition that even if the decree does not qualify for immediate consideration under one of the exceptions to the general rule, we should nonetheless in our remand modify the outstanding injunction. Those contentions so obviously lack merit that we dismiss them without discussion.

In the circumstances, our only alternative is to deny and dismiss the appeal, and remand the cause to the superior court where a determination may be made of all the issues including the consequences which flow from the results of the voting.

The complainants' appeal is denied and dismissed without prejudice, and the cause is remanded to the superior court for further proceedings.

*Curran & Friedman, Saul Friedman, Harold I. Kessler,* for complainants.

*Gerald A. Oster, Irving N. Espo,* for respondents.

*Edwards & Angell, Knight Edwards, James H. Barnett,* for amicus curiae.