**T. M. T. TRAILER FERRY, INC.,**
Plaintiff, Appellant,

v.

**UNION DE TRONQUISTAS DE PUERTO RICO, LOCAL 901, affiliated with International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Luis Pagan and Moises Pacheco, Agents, Defendants, Appellees.**

No. 71–1043.

United States Court of Appeals,
First Circuit.

Heard Nov. 16, 1971.

Decided Dec. 20, 1971.

Ray C. Muller, Miami, Fla., with whom Muller & Mintz, Rafael Martinez Alvarez, Jr., and Martinez Alvarez & Martinez Alvarez, Jr., Santurce, P. R., were on brief, for plaintiff, appellant.

P. Pagan Colon, Puerto Nuevo, P. R., with whom Sarah Torres Peralta, Santurce, P. R., was on brief, for defendants, appellees.

Before COFFIN, Circuit Judge, VAN OOSTERHOUT,* Senior Circuit Judge, and STEPHENSON,* Circuit Judge.

PER CURIAM.

Plaintiff brought suit in district court to enjoin defendants' strike and obtain

* Of the Eighth Circuit, sitting by designation.

damages caused thereby. The court issued a temporary restraining order *ex parte*. The following day defendant union filed what was termed an "Answer to Complaint and Motion to Vacate Temporary Restraining Order and Motion Requesting Denial of Temporary Injunction and Dismissal of Complaint." In response thereto the court vacated the T.R.O. and scheduled a hearing on plaintiff's request for the preliminary injunction. At the hearing plaintiff presented testimony from one witness, its general manager, who described his contacts with union representatives and the picketing which resulted. At the close of plaintiff's case, defendant moved to have the entire complaint dismissed. The court reserved decision on the motion. After the union presented its witness, a striking employee, the court took the matter under advisement and ruled later that afternoon that the requested "injunctive relief is not justified," that "the preliminary injunction is hereby denied and the complaint is hereby dismissed." On appeal plaintiff argues that the court erred in dismissing the complaint, which also sought permanent injunctive relief and damages, on the basis of a hearing which was called to consider only plaintiff's request for a preliminary injunction.[1]

 While it is true, as defendant contends, that a court has the power under Fed.R.Civ.P. 65(a) (2)[2] to determine both the merits of the complaint and a request for temporary relief at a single hearing, the exercise of that power is tempered by the requirement that the court inform the parties "before or after the commencement of the hearing" that such action is contemplated. The

district court in the case at bar at no time prior to completion of plaintiff's case put plaintiff on notice that the scope of the scheduled hearing would include a decision on the merits of the complaint. The court at no time "ordered" the consolidation of plaintiff's request for a preliminary injunction with his claim for permanent injunctive relief and damages.

In Capital City Gas Co. v. Phillips Petroleum Co., 373 F.2d 128 (1967), the Second Circuit reversed the district court's granting of what was tantamount to a permanent injunction after a similar hearing. "Phillips has a clear right to have a full hearing on the merits of the complaint, for the order was granted upon a hearing noticed for a temporary injunction only, and no warning was given to the parties that a permanent disposition of the case was likely."[3] *Id.* at 131.

The transcript of the hearing in the present case reveals that, the defendants' protestations to the contrary notwithstanding, the parties had not "practically consolidated the proceedings". Although there is no indication that plaintiff would have produced further testimony if notified earlier that the entire case would be disposed of after a single hearing, this does not sanction the court in changing, *sub silentio*, the nature of the game at halftime.

There is no longer any claim for injunctive relief but plaintiff is entitled to a hearing on its request for damages under 29 U.S.C. § 185.

Judgment dismissing complaint reversed and remanded for further proceedings consistent with this opinion.

---

1. Plaintiff also contends that the court erred in its reading of the substantive labor law involved, a matter we need not reach because of our disposition of the appeal on procedural grounds.

2. Rule 65(a) (2) reads in part:
 "Before or after the commencement of the hearing of an application for a preliminary injunction, the court may

order the trial of the action on the merits to be advanced and consolidated with the hearing of the application."

3. *Accord*, Puerto Rican Farm Workers ex rel. Vidal v. Eatmon, 427 F.2d 210 (5th Cir. 1970) ; Brooks v. Nacrelli, 415 F.2d 272 (3rd Cir. 1969) ; Industrial Bank of Washington v. Tobriner, 132 U.S.App.D.C. 51, 405 F.2d 1321 (1968).