**Carmen Maria SANTIAGO et al.,**
**Plaintiffs-Appellants,**

v.

**CORPORACION DE RENOVACION URBANA Y VIVIENDA DE PUERTO RICO et al., Defendants-Appellees.**

**No. 71-1079.**

United States Court of Appeals, First Circuit.

Heard Nov. 15, 1971.

Decided Jan. 5, 1972.

A. G. Hermida, Rio Piedras, P. R., for appellants.

Berta Font De Estades, for appellees.

Before COFFIN, Circuit Judge, VAN OOSTERHOUT[*], Senior Circuit Judge, and STEPHENSON[*], Circuit Judge.

VAN OOSTERHOUT, Senior Circuit Judge.

This is an appeal by the multiple plaintiffs in an action brought on June 15, 1970, on their own behalf and for persons similarly situated, from the dismissal of their complaint against Corporacion de Renovacion Urbana Y Vivienda de Puerto Rico, et al., hereinafter CRUV (Puerto Rico's urban renewal and housing agency), its executive director, and the members of its board of directors.

Plaintiffs seek declaratory and injunctive relief from the following asserted practices of CRUV:

"(a) of not permitting certain persons desiring and entitled to public housing to file applications for such public housing, without giving any grounds for such action; (b) of accepting applications for public housing made by persons desiring and entitled to same, and then either not taking any action on such applications or denying such applications, without giving any grounds for their action or lack of action; (c) of refusing to act on applications made by persons already residing in public housing projects who desire and are entitled to a transfer from one apartment (or project) to another, without any grounds for their refusal to act."

It is asserted that such practices engaged in under the color of state law violate plaintiffs' federal constitutional rights to due process and equal protection of the law, and that such practices fail to conform to the regulations and instructions promulgated by HUD which are binding upon defendants.

This action is brought under 42 U.S. C.A. § 1983; jurisdiction is based on 28 U.S.C.A. § 1343(3) and (4), and 28 U. S.C.A. §§ 2201, 2202.

Plaintiffs seek the convocation of a three-judge court, pursuant to 28 U.S.C. A. §§ 2281 and 2284, upon the basis that the federal constitutional violations asserted are bottomed upon unconstitutional state statutes and statewide administrative regulations authorized by state law.

[*] Of the Eighth Circuit, sitting by designation.

No interlocutory or temporary relief was sought in the complaint. Subsequently on July 2, 1970, one of the individual plaintiffs, Santiago, on behalf of herself only, filed a motion for temporary restraining order. The court entered an order, dated July 1, 1970, requiring defendants to show cause why a three-judge court should not be convened and why a preliminary injunction should not be granted as requested. Hearing thereon was set for July 9. Defendants on July 9 filed a motion to dismiss and/or in opposition to a three-judge court and preliminary injunction. Said motion asserts that the plaintiffs' petition does not raise a substantial constitutional question and hence no three-judge court should be convened; that no preliminary injunction is appropriate; that all actions of CRUV have been taken in good faith; that there is not enough housing to meet demands; that any mistakes made have been unintentional; and that proper service has not been made.

Hearing was held on the show-cause order on July 9. Arguments were made and briefs were submitted. Plaintiffs' counsel requested an opportunity to present evidence in support of the Santiago request for a temporary restraining order. Evidence was presented on this limited issue by both parties. Such evidence related principally if not exclusively to the factual situation with respect to Santiago and did not develop the facts relating to the other plaintiffs. The issues submitted were taken under advisement.

An order of the court dated December 29, 1970, filed December 30, makes findings of fact and the conclusion of law· that none of the violations alleged by plaintiffs were committed and that the problem was one of nonavailability of dwellings, and that no constitutional question was involved. The case was dismissed.

Plaintiffs on January 8, 1971, filed a motion to amend or vacate the judgment, pursuant to Rule 59(e), Fed.R. Civ.P., urging the action could be dismissed only by a three-judge court; and more importantly, that the dismissal could not be based upon testimony offered and received solely for the purpose of supporting the Santiago application for temporary restraining order, absent notice that the court was treating the hearing as one on the merits. The motion was overruled on January 15. This timely appeal followed.

The court did not expressly pass on the Santiago application for temporary restraining order. The order dismissing the action carried with it an implied dismissal of such request. Plaintiffs expressly state in their brief that they are not contesting the denial of the restraining order. Hence, such issue is not before us.

The issues before us are:

I. Did the court correctly determine that no three-judge court was required and that a single judge has jurisdiction to dismiss the action.

II. Did the court err in dismissing the action.

I.

The court properly determined that no three-judge court is required. Twenty-eight U.S.C.A. § 2281 provides that a single judge cannot issue an interlocutory or permanent injunction "restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, * * * upon the ground of the unconstitutionality of such statute * * *," and that such action can only be taken by a three-judge court constituted under 28 U.S.C.A. § 2284.

■ It is proper for a single judge to whom the request for a three-judge court is made to determine whether a substantial constitutional attack is made upon a state statute or a state-wide regulation such as to require the convening of a three-judge court. Ordinarily such

determination will be made upon the basis of the pleadings. Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152.

■ In our present case, plaintiffs, in their brief or elsewhere, have not pointed out any specific provision of a state statute or regulation which they claim to be unconstitutional. Rather their claim appears to be that the state statutes and regulations do not go far enough in spelling out the procedure required. We adopt the responses made to a similar attack in a similar situation by the Second Circuit in Johnson v. Harder, 2 Cir., 438 F.2d 7, 13, where it is said:

> "The appellant's complaint is therefore not that the state regulation is unconstitutional either on its face or even as applied to the appellant, but rather that appellee is administering an otherwise constitutional regulation in an unconstitutional manner. In such circumstances it has been held that a single judge has the power to dispose of the claim. [Phillips v. United States, 312 U.S. 246, 61 S.Ct. 480, 85 L.Ed. 800 (1941); Ex parte Bransford, 310 U.S. 354, 361, 60 S.Ct. 947, 84 L.Ed. 1249 (1940); cases cited 1 Barron & Holtzoff (Wright ed.) § 52 n. 98.1.] Neither, of course, are three judges required as to appellant's claim that the state regulation conflicts with federal provisions which, by virtue of the Supremacy Clause, are controlling. [Swift & Co. v. Wickham, 382 U.S. 111, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965).]

See Like v. Carter, 8 Cir., 448 F.2d 798, 802.

Included in the appendix is a circular dated June 24, 1970, RHM 7465.1, promulgated by HUD which details the procedure to be followed by public housing authorities in processing applications. The provisions of the HUD circular on the basis of the Supremacy Clause of the United States Constitution must be followed by local housing authorities under federally assisted housing projects and such provisions apply to proceedings

commenced prior to the date of the issuance of the circular. Thorpe v. Housing Authority of City of Durham, 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474. The housing project here involved is a federally assisted project. Thus any essential details with respect to processing applications which may be lacking in the state regulations are supplied under the federal preemption doctrine by the instructions prescribed by HUD, which circular and regulations were issued pursuant to federal law.

Plaintiffs have failed to demonstrate that the trial court erred in determining the disposition of this case does not require the convening of a three-judge court.

## II.

■ The court erred in dismissing the complaint. The complaint goes beyond merely challenging the constitutionality of the state statutes and regulations. Violation of civil rights under 42 U.S.C.A. § 1983 are asserted, based upon colorable claims of violating due process and equal protection in the handling of plaintiffs' housing applications. Jurisdiction, based on 28 U.S.C.A. §§ 1343(3) and (4), is established. See Johnson v. Harder, *supra*; Like v. Carter, *supra*.

Plaintiffs urge the court erred in dismissing the complaint on the basis of findings made upon evidence which was introduced solely in support of the Santiago application for temporary restraining order when no notice or warning was given by the court that the court was trying the case on its merits.

■ We upheld a similar contention in T.M.T. Trailer Ferry, Inc. v. Union de Tronquistas de Puerto Rico, Local 901, 1 Cir., 453 F.2d 1171. We there recognized that the trial court has a right under Federal Rules of Civil Procedure, Rule 65(a), to advance the hearing on the merits and consolidate the hearing on the application for a preliminary injunction with the trial on the merits and

held, citing supporting authorities, that "the exercise of that power is tempered by the requirement that the court inform the parties 'before or after the commencement of the hearing' that such action is contemplated."

■ We have searched the record carefully and find no notice or warning was given by the court at any time before its decision that it was consolidating the trial on the merits with the hearing on the restraining order. The order fixing the hearing, heretofore referred to, did not so state or fairly imply. The evidence introduced was permitted in response to a request for an opportunity to offer evidence in support of the motion of Santiago for a restraining order. No contention is made that there was any express or implied agreement on the part of counsel to submit the case on the merits.

The dismissal might well be proper on the basis of the motion to dismiss if the complaint on its face fails to state a cause of action. Such is not the situation. The court did not elect under Rule 12(c) to treat the motion as one for summary judgment and did not afford the parties an opportunity to present all matters material to a summary judgment as required by the rule. In any event, it is apparent that disputed material factual issues are presented which would preclude summary judgment treatment. This is reflected by the court's basing its dismissal on findings of fact based on the evidence offered on the preliminary injunction issue and its reliance upon such findings to support a dismissal.

Plaintiffs are entitled to a fair evidentiary hearing upon the merits of their claim. We express no view as to the merits of this litigation.

The judgment of dismissal is reversed. This case is remanded for further proceedings consistent with the views expressed in this opinion.