Tamoura **PUGHSLEY**, by Her Next Friend, Edwin Feldman, M.D., and Edwin Feldman, M.D., and Sophie Feldman, His Wife, Plaintiffs-Appellants,

v.

**3750 LAKE SHORE DRIVE COOPERATIVE BUILDING et al., Defendants-Appellees.**

No. 71-1474.

United States Court of Appeals, Seventh Circuit.

Argued June 1, 1972.

Decided June 16, 1972.

Rehearing Denied July 14, 1972.

Harold I. Levine, James M. Rosenbaum, F. Willis Caruso, Chicago, Ill., for plaintiffs-appellants.

Michael W. Ford, Maurice P. Raizes, Ronald S. Cope, Chicago, Ill., for defendants-appellees.

Before KNOCH, Senior Circuit Judge, and KILEY and STEVENS, Circuit Judges.

STEVENS, Circuit Judge.

Eleven days after the complaint was filed the district court dismissed plain-

tiffs' entire case on the merits. Their complaint, filed on May 7, 1971, alleged that they had signed a contract to purchase a cooperative apartment for $35,-000 and made an earnest money deposit of $3,500, but were thereafter refused admission to the cooperative because a Negro child lived with them.

On May 10 the district court entered a temporary restraining order and set the hearing on plaintiffs' motion for a preliminary injunction to commence on May 17. Neither then nor at any later date did he order a consolidation of the trial on the merits with the hearing on the application for emergency relief as permitted by Rule 65(a) (2) of the Federal Rules of Civil Procedure.

The emergency hearing lasted two days; at the end of the first day the court agreed to hear further evidence on the next day, stating:

> "Now I am going to insist, counsel, that whatever your total case is, and I want to give you every reasonable opportunity to put it in, that you complete it before I request the defendants to go ahead.

> "Now, can you produce your witness tomorrow. . . ." Tr. 82.

On May 18 the court granted defendants' motion for judgment at the close of plaintiffs' case pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure. He stated that the entire case was dismissed on the merits and that plaintiffs would not be allowed discovery. We reverse and remand for further proceedings.

■ Defendants denied that their disapproval was based on the fact that plaintiffs had custody of a black child, claiming that the basis for their action was Mrs. Feldman's position with a drug abuse and counselling organization. Plaintiffs' evidence failed to persuade the district judge that race was a factor in defendants' decision, even under the strict standard which we enunciated in Smith v. Sol D. Adler Realty Co., 436 F.2d 344 (7th Cir. 1971).[1] Nevertheless, it is clear that plaintiffs' claim is not frivolous,[2] and that they should have an opportunity to present such additional evidence as may be developed by discovery before a final decision on the merits is made.

■ We recognize, as defendants argue, that they have a right to refuse approval on any honest basis unrelated to the race of the prospective purchaser or his associates. But when the asserted justification is itself somewhat arbitrary, it is particularly important that the trier of fact consider all admissible evidence that may illuminate the real motivation of the defendants. Accordingly, although we necessarily defer to the district court's appraisal of the testimony in reviewing his denial of the motion for a preliminary injunction, we hold that his decision on the merits was premature.

1. In that case Judge Hastings wrote: "We read [Jones v. Alfred H. Mayer, 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189] to hold that the 'same right' means that race is an impermissible factor in an apartment rental decision and that it cannot be brushed aside because it was neither the *sole* reason for discrimination nor the total factor of discrimination. We find no acceptable place in the law for partial racial discrimination." 436 F.2d at 349–350.

2. Dr. Sugar, another resident of the building, was called before the Admissions Committee and asked questions about plaintiffs, whom he had known personally for at least 20 years. According to Dr. Sugar's testimony at the hearing, members of the Committee asked him about Mrs. Feldman's drug abuse and counselling activities. However, he was also asked whether he knew of the Negro child living with the Feldman family, whether that made any difference to him, whether he thought it would interfere with others in the apartment, whether it would be difficult for the child to be brought up in an environment where she was the only black child, whether he thought there would be any trouble because elderly residents would object to the child using the swimming pool, and a few other questions of a similar nature. Tr. 98–99.

If a consolidation of a trial on the merits with a hearing on a motion for a preliminary injunction is to be ordered, the parties should normally receive clear and unambiguous notice to that effect either before the hearing commences or at a time which will still afford the parties a full opportunity to present their respective cases. A litigant applying for a preliminary injunction should seldom be required either to forego discovery in order to seek emergency relief, or to forego a prompt application for an injunction in order to prepare adequately for trial. Different standards of proof and of preparation may apply to the emergency hearing as opposed to the full trial. At times, particularly if the parties consent, if discovery has been concluded or if it is manifest that there is no occasion for discovery, consolidation may serve the interests of justice.[3] But the parties should be given a clear opportunity to object, or to suggest special procedures, if a consolidation is to be ordered.

The judge's remark at the end of the first day of testimony did not satisfy this requirement. Plaintiffs' counsel could reasonably have understood the judge as merely requiring a presentation on the following day of the remainder of plaintiffs' "total case" in support of their pending motion. That was the only hearing then in progress. Moreover, it was then too late to enable plaintiffs to weigh intelligently the relative advantages of pursuing their emergency motion—possibly at the sacrifice of adequate trial preparation—or foregoing the injunction in order to have a fair chance to present their strongest case on the merits. There was no reason to require such an election. The district court should have completed the emergency hearing and then allowed discovery to proceed in due course.

Defendant Harris Trust & Savings Bank advances a separate argument for affirmance of the dismissal as to it.[4] The district court did not pass upon that argument. Our remand will not, of course, preclude the court from taking such action on the motion of defendant Harris as the record may warrant.

The judgment dismissing the complaint on the merits is reversed and the case is remanded to the district court for further proceedings consistent with this opinion.

Reversed and remanded.

KNOCH, Senior Circuit Judge (dissenting).

From my own reading of the record, I concluded that the Trial Judge made it abundantly clear that he was about to consider the whole of the lawsuit, including the merits of the case. The defendants evidently so understood his direction. They brought in all of their witnesses, who, incidentally, were thus available for examination by plaintiffs as adverse witnesses, if necessary. There was neither offer of proof nor any motion based on what plaintiffs hoped to gain from discovery. I would affirm the decision of the District Judge.

3. See, e. g., Williamson v. Hampton Management Co., 339 F.Supp. 1146 (N.D. Ill.1972).

4. Harris alleges that after the cooperative had rejected the application of the Feldmans, it, as executor of the estate of the prior owner of the apartment in question, had contracted to sell to another purchaser before it received notice of this suit or of the temporary restraining order. It argues that it was willing to perform the contract with the Feldmans but could not because of the cooperative's action. Thus, it argues that no claim upon which relief can be granted has been asserted as to it.