385 A.2d 673.

ARNOLD N. MONTAQUILA *et al. v.* ALBERT ST. CYR *et al.*

MAY 1, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

WEISBERGER, J.  This civil action is before us on an appeal from an order of the Superior Court denying a request for a preliminary injunction and dismissing the complaint. The plaintiffs are a former town solicitor and three former assistant solicitors of the town of Coventry. The defendants are the town, its manager and members of the town council.

The plaintiffs sought to enjoin and to obtain damages for their removal from office, which removal was brought about when the political makeup of the town council changed in the November 1976 elections. The plaintiffs claim that their removal was unlawful, that it was predicated solely on their political beliefs, since they were Democrats while the majority of the new council were Republicans. In addition to the permanent relief specified in their complaint, plaintiffs also sought a preliminary injunction against their removal from office. (A temporary restraining order was issued but was later vacated.) The defendants on their part moved for judgment on the pleadings pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure.

A hearing was held in Superior court ostensibly on plaintiffs' prayer for a preliminary injunction. The trial justice stated that he was reserving decision on defendants' motion for judgment on the pleadings, and the hearing proceeded. The plaintiffs presented witnesses who testified concerning the duties of the town's solicitors. The defendants cross-examined some of the witnesses and submitted exhibits, but presented no witnesses of their own. At the close of the testimony defendants again pressed for judgment on the pleadings, and in the alternative, sought a denial of plaintiffs' request for a preliminary injunction.

After considering the case, the trial justice rendered a bench decision. He reviewed the testimony presented at the hearing and concluded that although the removal of plaintiffs was based solely on their political beliefs, the positions of town and assistant town solicitor were policymaking in nature. Consequently, he held that holders of those offices could constitutionally be removed for political reasons alone.[1]

Pursuant to this decision, the trial justice entered an order denying plaintiffs' prayer for a preliminary injunction and granting defendants' motion for dismissal. From this order plaintiffs have brought the present appeal.

The decision of the trial justice indicates that in dismissing the case he considered not only the pleadings but also the testimony presented at the hearing. His order thus did not constitute a judgment on the pleadings as originally sought by defendants. Super R. Civ. P. 12(c).

For the same reason, the trial justice's order did not constitute a summary judgment. As we have stated pre-

---

[1] In reaching this conclusion, the trial justice relied on *Elrod* v. *Burns*, 427 U.S. 347, 96 S. Ct. 2673, 49 L. Ed. 2d 547 (1976). In that case the Supreme Court held that the practice of patronage dismissals infringes on first amendement interests but that such infringement is justified to replace individuals holding policymaking positions. In view of our disposition of this case, we do not pass on whether the plaintiffs here were actually in policymaking positions as contemplated by the Supreme Court in *Elrod*.

viously, "[o]n a hearing on a motion under either rule 12(b) or rule 56, it is not the office of the trial justice to determine any issues of fact." *Warren Education Association* v. *Lapan,* 103 R.I. 163, 169, 235 A.2d 866, 870 (1967).

Furthermore, even if the order before us did not constitute a fact-finding disposition of the case, it could still not properly be construed as one granting a summary judgment. The record indicates that defendants' motion was not served at least 10 days before the time fixed for the hearing as required by Rule 56(c), that the trial justice did not in fact elect to treat the motion as one for summary judgment under Rule 12(c), and that the parties were never afforded an opportunity to present all matters material to a summary judgment as required by that rule. *Santiago* v. *Corporacion de Renovacion Urbana Y Vivienda d Puerto Rico,* 453 F.2d 794, 798 (1st Cir. 1972) (citing Federal Rule of Civil Procedure 12(c), identical to its Rhode Island counterpart).

The record indicates that the trial justice actually treated defendants' motion for judgment on the pleadings as one for involuntary dismissal under Rule 41(b)(2). He considered the evidence presented by plaintiffs, made findings of fact, and entered judgment on the merits in favor of defendants.

The hearing at which that evidence was presented, however, was intended to be concerned only with the application for a preliminary injunction, not with the full case on the merits, and the parties so viewed it. Although the trial justice had the power to order the trial of this action advanced and consolidated with the hearing on the application for the preliminary injunction, Super. R. Civ. P. 65(a)(2), no such order was ever entered in this case, so that plaintiffs had no notice of the consolidation. As a result, they had no prior warning that their burden at the hearing was to prove their full case on the merits rather than just to show that a preliminary injunction was warranted. The inherent deficiency of such a procedure was aptly discussed by a federal appeals court in *Pughsley* v. *3750 Lake Shore Drive Cooperative Building,* 463 F.2d 1055, 1057 (7th Cir. 1972):

"If a consolidation of a trial on the merits with a hearing on a motion for a preliminary injunction is to be ordered, the parties should normally receive clear and unambiguous notice to that effect either before the hearing commences or at a time which will still afford the parties a full opportunity to present their respective cases. A litigant applying for a preliminary injunction should seldom be required either to forego discovery in order to seek emergency relief, or to forego a prompt application for an injunction in order to prepare adequately for trial. Different standards of proof and of preparation may apply to the emergency hearing as opposed to the full trial. At times, particularly if the parties consent, if discovery has been concluded or if it is manifest that there is no occasion for discovery, consolidation may serve the interests of justice. But the parties should be given a clear opportunity to object, or to suggest special procedures, if a consolidation is to be ordered."

See also Santiago v. Corporacion de Renovacion Urbana Y Vivienda de Puerto Rico, supra at 797-98; T.M.T. Trailer Ferry, Inc. v. Union de Tronquistas de Puerto Rico, Local 901, 453 F.2d 1171 (1st Cir. 1971).

In light of the potential for unfairness in the procedure followed below, and because the record is bereft of any order, before or after the commencement of the hearing, directing a trial of the case on the merits consolidated with the hearing on the application for a preliminary injunction, we conclude that plaintiffs are entitled to a full hearing on the merits.

Turning to the denial of the request for preliminary injunction, such an order, being interlocutory rather than final, is not ordinarily reviewable on appeal. Redfern v. Church of the Mediator, 101 R.I. 182, 185, 221 A.2d 453, 454 (1966). Although there are two classes of exceptions to this general rule, id. at 185, 221 A.2d at 454-55, the order before us falls into neither one. The statutory exception, G.L. 1956 (1969 Reenactment) §9-24-7, does not encompass

appeals from denials of preliminary injunctions, and the common law exception, *McAuslan* v. *McAuslan*, 34 R.I. 462, 83 A. 837, 841 (1912), is not applicable here where the order appealed from does not have such an element of finality that we will act before the case has finally terminated to prevent possible injurious consequences. *Redfern* v. *Church of the Mediator, supra,* at 185, 221 A.2d at 455.

The plaintiffs' appeal from the dismissal of the complaint is sustained. The plaintiffs' appeal from the denial of the request for preliminary injunction is denied. The case is remanded to the Superior Court for further proceedings.

*Edward John Mulligan,* for plaintiffs.

*Frank J. Williams,* Town Solicitor, for defendants.