John OAKLEY et ux.

v.

W. Edward WOOD, Director of the Department of Environmental Management, et al.

No. 78–408–Appeal.

Supreme Court of Rhode Island.

Jan. 6, 1981.

---

Parmenter & Associates, William E. Parmenter, Providence, for plaintiffs.

Charles E. DiLeva, Legal Counsel, Dept. of Environmental Management, Providence, for defendants.

## OPINION

PER CURIAM.

The plaintiffs in this Superior Court civil action are John and Inga Oakley (the Oakleys). The Oakleys are the owners of a fifteen-acre parcel of real estate located in the town of Narragansett and contiguous to a recreational trailer camp maintained and supervised by the defendant Department of Environmental Management (the department). The camp is known as Fishermen's Memorial State Park. The Oakleys claim that the camp has become a nuisance and seek an injunction that would bar its operation until such time as the department has taken steps that would ultimately allow the Oakleys to enjoy their property. The Oakleys also sought damages, both punitive and compensatory, for the campers' unauthorized use of their property, including the dumping of refuse on their property and the removal of trees.

At the hearing on their request for a preliminary injunction conducted in the summer of 1978, the Oakleys in addition to detailing the complaints referred to above, presented an engineer who testified that the surface water runoff from the camp undermined a road on the parcel which constituted the only means of access to the Oakley property. The trial justice, after consideration of the evidence presented before her, denied the Oakleys' request for an injunction.

We shall not consider the Oakleys' appeal because it is premature. The judgment entered in the Superior Court lacks the requisite finality, for as a general rule there is no appeal from the denial of a prayer for a preliminary injunction. *Montaquila v. St. Cyr*, R.I., 385 A.2d 673 (1978); *Corrado v. Providence Redevelopment Agency*, 113 R.I. 274, 320 A.2d 331 (1974); *Redfern v. Church of the Mediator*, 101 R.I. 182, 221 A.2d 453 (1966). There is nothing in the record that would prompt us to make an exception in this case.

The plaintiffs' appeal is denied and dismissed without prejudice to their returning to the Superior Court, where they may seek to press their claim for a permanent injunction and be heard on their damage claim.