**Walter R. SIMPSON, Jr.**

v.

**George A. VOSE, et al.**

**No. 95–561–C.A.**

Supreme Court of Rhode Island.

Nov. 21, 1996.

Walter R. Simpson, Jr., pro se.

Aaron Weisman, Providence.

### ORDER

This matter came before the Supreme Court for oral argument on November 8, 1996, pursuant to an order directing Walter R. Simpson, Jr., the plaintiff, to show cause why his *pro se* appeal from a Superior Court order denying his motion for a temporary restraining order and preliminary injunction should not be summarily decided.

After hearing the arguments of plaintiff and of counsel for defendants, and after reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown. Therefore, the appeal will be decided at this time.

The plaintiff's June 23, 1995 motion for review of an administrative action alleged that he was wrongfully disciplined by defendants in violation of the "Morris Rules" and requested an injunction that would order defendants 1) to rescind their decision finding defendant a violator of policy No. 1.18.02, and 2) to eliminate policy No. 1.18.02. The Morris Rules are a set of detailed procedures that govern inmate discipline and classification of prisoners at the Adult Correctional Institutions and were incorporated into a final consent judgment entered in the Federal Court in the case of *Morris v. Travisono,* 499 F.Supp. 149 (D.R.I.1980). On August 5, 1995, plaintiff filed a motion for a temporary restraining order to enjoin defendants from confining him in segregation in violation of the due process and the equal protection clauses. On August 22, 1995, the trial justice entered an order denying plaintiff's motion, and plaintiff filed a notice of appeal on September 26, 1995. We deny and dismiss plaintiff's appeal for two reasons.

First, the appeal was not timely filed. Pursuant to Sup.R.App.P. 4(a), a notice of appeal must be filed within 20 days from the date of the entry of the judgment, order, or decree from which an appeal is taken. In this case, the trial justice entered an order on August 22, 1995, denying plaintiff's motion for injunctive relief. The plaintiff did not file his notice of appeal until September 25, 1995, and therefore the appeal was not timely filed. Second, plaintiff's appeal is premature. As a general rule, there is no appeal from the denial of a prayer for a preliminary injunction. *Oakley v. Wood,* 423 A.2d 1176 (R.I. 1981). Consequently, there is no cognizable issue before us.

We decline to decide the issue of whether claims arising from the inmate disciplinary process are considered "contested cases" under the Rhode Island Administrative Procedures Act (G.L.1956, § 42–35–15, as amended by P.L.1965, ch. 55). That issue is currently pending before this Court in *L'Heureux v. Vose,* No. 95–590.

Consequently, we deny and dismiss this appeal and affirm the order of the Superior Court. The papers in the case may be returned to the Superior Court.