Vincent MURATORE

v.

Henry L. LAPRAD.

No. 97–27–Appeal.

Supreme Court of Rhode Island.

Feb. 18, 1999.

Judith I. Scott, Warwick.

Peter J. Comerford, Providence.

## ORDER

This case came before the Court for oral argument on January 25, 1999, pursuant to an order that directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time. The pertinent facts are as follows.

The plaintiff, Vincent Muratore, and the defendant, Henry L. Laprad, had entered into a purchase and sale agreement in respect to four properties in Warwick, Rhode Island. After a dispute arose over the purchase price of the properties, the plaintiff brought suit against the defendant in Superior Court for breach of contract to enforce his rights to purchase the subject properties. During the pendency of the action, the plaintiff filed a motion for a temporary restraining order (TRO) to prevent the defendant from selling two of the subject properties to a third person. The trial justice granted the motion, but required the plaintiff to post a $135,000 bond within three days in order for the TRO to issue. The trial justice selected the $135,-000 amount because that was the price to be paid by the third party for the two parcels. The three day deadline was later extended an additional four days by stipulation of the parties with trial court approval. The plaintiff failed to meet this deadline, the TRO never issued, and the defendant sold the two properties to the third party buyer. The plaintiff subsequently filed a notice of appeal.

On appeal, plaintiff claims that a trial justice abused his discretion by requiring plaintiff to post an excessive bond as a prerequisite for granting a TRO. The plaintiff further contends that requiring such excessive bond was tantamount to a denial of the motion for a TRO.

Because plaintiff's appeal is not properly before this Court, we shall assume without deciding that this appeal was filed in a timely fashion. The plaintiff's appeal is prohibited by our long-standing rule that the denial of a TRO lacks finality and is therefore not appealable. *E.g., Simpson v. Vose*, 685 A.2d 285, 285 (R.I.1996); *Redfern v. Church of the Mediator*, 101 R.I. 182, 185–86, 221 A.2d 453, 454–55 (1966). Rhode Island General Laws § 9–24–7, which provides that "[w]henever, upon hearing in the superior court, an injunction shall be *granted or continued* * * *, an appeal may be taken from such an order to the supreme court in like manner as from a final judgment * * *," (Emphasis added), does not empower this Court to entertain the appeal of a denial of a TRO. *See Paramount Office Supply, Co. v. D.A. MacIsaac*, 524 A.2d 1099, 1101 n. 1 (R.I.1987); *Redfern*, 101 R.I. at 185–86, 221 A.2d at 454–55. Instead, in certain limited instances where the denial of injunctive relief has an element of finality, the Supreme Court may permit review of the denial by way of the discretionary writ of certiorari. *Almeida v. Almeida*, 670 A.2d 1258, 1260 (R.I.1996). Therefore, we shall not entertain plaintiff's appeal because it is improperly before us. In addition, we are of the opinion that since the property has been sold, the issues in any event would be moot.

For the reasons stated, the plaintiff's appeal is denied and dismissed and the case is remanded to the Superior Court for

further proceedings consistent with this order.