### PUERTO RICAN FARM WORKERS ex rel. Felipe Pagan VIDAL et al., Plaintiffs-Appellants,

### v.

### K. D. EATMON et al., Defendants-Appellees.

### No. 28556.

United States Court of Appeals, Fifth Circuit.

June 3, 1970.

Spencer L. Smith, Miami, Fla., for appellants.

Edgar G. Hamilton, John R. Young, West Palm Beach, Fla., for appellees.

Before GODBOLD, DYER and MORGAN, Circuit Judges.

PER CURIAM:

This case came on for hearing in the District Court on plaintiffs' motion for a temporary restraining order and preliminary injunction. Notices of hearing filed by the plaintiffs so stated, and neither the defendants nor the District Court gave pre-hearing notice that the hearing would have any broader scope than that. When the hearing commenced the trial judge noted the temporary nature of the relief sought.

The District Judge's memorandum opinion states that as the hearing progressed it developed into a trial of all

the issues and that when the trial was completed, and pursuant to Rule 65 [1] Fed.R.Civ.P., and with the permission of the parties, the application for preliminary injunction and the trial of the case on the merits were consolidated.

The District Court handled promptly, expeditiously and carefully a difficult and volatile situation that concerned numerous Puerto Rican workers, many of whom could not speak English. Nevertheless, plaintiffs were entitled to a full hearing on the merits, and if there was to be consolidation they were entitled to notice pursuant to Rule 65(a) (2). Capital City Gas Company v. Phillips Petroleum Company, 373 F.2d 128 (2d Cir. 1967). In resting his case (in the early evening) counsel for plaintiffs stated, "at this time on this motion, we do not offer any other witnesses." It was not until then that the District Judge indicated that he might rule on the merits of the entire case. On instructions of the trial judge the parties returned to the court the next morning and discussed details of various emergency measures which the court had orally ordered concerning some of the farm workers. The court called for oral arguments. Plaintiffs offered what they described as newly discovered evidence. The court refused to admit it for any purpose and stated the hearing had been completed the day before and that the case was under submission. Subsequently he denied all relief, temporary and permanent, and dismissed the case with prejudice (except as to one issue not here material).

The record does not show consent by plaintiffs to consolidation—in fact it shows resistance by plaintiffs from the time it was first mentioned.

The denial of a permanent injunction is vacated. The case is remanded, and plaintiffs must be accorded the right to a hearing on the merits.

---

1. Rule 65(a) (2) provides:
   *"Consolidation of Hearing With Trial on Merits.* Before or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application."