**NATIONWIDE AMUSEMENTS, INC.,**
**Plaintiff-Appellant,**

v.

**George L. NATTIN, Mayor, et al.,**
**Defendants-Appellees.**

**No. 71-2299.**

United States Court of Appeals,
Fourth Circuit.

Dec. 9, 1971.

Frierson M. Graves, Jr., Memphis, Tenn., James E. Bolin, Jr., Shreveport, La., for plaintiff-appellant; Heiskell, Donelson, Adams, Williams & Wall, Memphis, Tenn., of counsel.

Billy R. Robinson, James Bookter, Bossier City, La., James Fleet Howell, Feist, Schober & Howell by John L. Schober, Jr., Shreveport, La., for defendants-appellees.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

This is an appeal of the district court's dismissal with prejudice of Nationwide's 42 U.S.C. § 1983 suit.

Appellant planned to operate a movie theater in Bossier City, Louisiana featuring "X" rated movies. It obtained various city permits and made improvements on an old building allegedly in reliance on these permits and the actions of city officials. As appellant was about to commence operation, it was denied an occupancy certificate on the

ground that it had failed to provide off-street parking in compliance with local zoning ordinances. Appellant filed suit seeking an injunction, damages, and other relief against Nattin, the Mayor of Bossier City and others. The complaint alleged that the occupancy certificate had been denied not because of the zoning ordinances but because the city fathers were opposed to "X" movies. Appellant alleged the action of defendants unconstitutionally deprived it of property rights without due process and violated its right of free speech.

The district court, 325 F.Supp. 95, found that constitutional claims over which it had jurisdiction were alleged but that "[p]laintiff utterly failed to carry its burden of showing that defendants' actions were prompted other than by legitimate interests in applying and enforcing local zoning regulations, with respect to off-street parking requirements." The court thus found itself with nothing more than a contest over interpretation of local zoning ordinances and, although recognizing its power under pendent jurisdiction to decide the case, abstained in favor of the state courts. It dismissed the case with prejudice.

■ We do not reach the merits of the case. We believe that under the circumstances of this case the district court erred in dismissing the suit on the merits when it was before the court only on a motion for preliminary injunction. We realize that a number of witnesses appeared for appellant, that the case was developed in some detail, and that the issues presented by the motion for preliminary injunction were similar if not the same as those raised for final determination. Nevertheless, we are concerned that appellant may have been denied his full day in court on his federal claim. This case was heard pursuant to a show cause order which stated that it was issued in response to appellant's motion for preliminary injunction. Moreover, the district court in its opinion said: "The matter came up for hearing on plaintiff's rule to show cause why a preliminary injunction should not be issued * * *." Nowhere in the record is there any indication that appellant knew its case was to be decided finally after the preliminary injunction hearing.

■ Fed.R.Civ.P. 65(a) (2) provides that "the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application [for a preliminary injunction]." Although we do not believe a formal written "order" is required by the rule, the term "order" at least requires some form of notice to the parties that their final day in court has come. Puerto Rican Farm Workers ex rel. Vidal v. Eatmon, 5th Cir. 1970, 427 F.2d 210.

We believe the record justifies appellant's argument that it was surprised when the district court dismissed the case on the merits. Whether appellant was prejudiced as well as surprised will be for the district court to decide. We remand for the narrow purpose of determining if appellant had the opportunity to fully develop its case on the constitutional issues.[1]

Remanded with directions.

1. The factual sufficiency of the cause of action turns on the motivation of the city officials, a fact question that can only be determined in the district court. It is on the question of motivation that appellant says it was denied its day in court and on which the district court in its discretion may decide further development is needed or may decide was fully presented at the preliminary injunction hearing.