520 P.2d 267

Alvin COOK and Evelyn Klopfer Cook, his wife, Plaintiffs-Appellants,

v.

Paul KLOPFER, Jr. and Sally Whitman Klopfer, his wife, Defendants-Appellees.

No. 9835.

Supreme Court of New Mexico.

March 22, 1974.

S. Thomas Overstreet, Alamogordo, for plaintiffs-appellants.

James J. Weldon, Alamogordo, for defendants-appellees.

## OPINION

MARTINEZ, Justice.

Plaintiffs (appellants), Alvin and Evelyn Cook, brought an action in the Otero County District Court on May 16, 1973 for specific performance of an option to purchase land, for a declaratory judgment concerning the wording of the option and the validity of a purported offer, for the setting aside of certain transfers of the land covered by the option and an injunction enjoining defendants (appellees), Paul and Sally Klopfer, from further transferring, encumbering or making any alterations to the property.

Appellants moved for and were granted a temporary restraining order on May 17, 1973 which restrained and enjoined appellees from doing anything with the land in question. Prior to the expiration of this order, appellants filed an application for a preliminary injunction. A hearing before the court was held on this application on May 24, 1973 and the court thereafter dismissed the suit with prejudice on June 21, 1973. It is from this dismissal that appellants make their appeal.

Appellants have raised several points on appeal, the dispositive point being that the district court committed reversible error when it failed to notify the parties that it was, sua sponte, consolidating the trial on the merits with the hearing of the application for a preliminary injunction.

We agree.

Rules 65 and 66(a)(2), Rules of Civil Procedure, [§ 21-1-1(65, 66)(a)(2), N.M.S.A.1953 (Repl. Vol. 4, 1970)] read, in part, as follows:

"Consolidation of Hearing with Trial on Merits. Before or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application. * * *."

Rules 65 and 66(a)(2), supra, are derived from Rule 65(a)(2) of the Federal Rules of Civil Procedure. There are numerous cases interpreting Rule 65(a)(2), supra, which state that a consolidation may not be ordered without some kind of notice to the parties. T.M.T. Trailer Ferry, Inc. v. Union de Tronquistas de Puerto Rico, 453 F. 2d 1171 (1st Cir. 1971); Nationwide Amusements, Inc. v. Nattin, 452 F.2d 651 (5th Cir. 1971); Puerto Rican Farm Workers v. Eatmon, 427 F.2d 210 (5th Cir. 1970); Capital City Gas Company v. Phillips Petroleum Company, 373 F.2d 128 (2nd Cir. 1967). However, this notice need not be in writing so long as it is communicated to the parties involved. Nationwide Amusements, Inc. v. Nattin, supra; Puerto Rican Farm Workers v. Eatmon, supra. Should this notice of consolidation not be given by the trial court, the parties involved may not be afforded a full opportunity to present all their evidence in the case, thereby depriving them of their day in court. See Puerto Rican Farm Workers v. Eatmon, supra.

Appellees cite this Court to Eli Lilly and Company v. Generix Drug Sales, Inc., 460 F.2d 1096 (5th Cir. 1972), wherein the Fifth Circuit, United States Court of Appeals, stated that surprise as to the consolidation of a trial on the merits with a hearing on an application for a preliminary injunction is not sufficient basis for appellate reversal. That court further stated that appellant must show that the procedures followed caused appellant to withhold certain proof which would entitle him to relief on the merits. We cannot adhere to this interpretation of the notice requirement in our Rules 65 and 66(a)(2), supra. Such a reading would unfairly deprive appellants of both their right to notification of consolidation and their day in court. This interpretation would place upon them the burden of demonstrating

two prejudices: first, that they were deprived of their notice of consolidation; second, regardless of this first prejudice, that they would have won on the merits had they been able to produce additional evidence at the hearing. It is clear to us that the prejudice inherent in the lack of notice of consolidation by itself is sufficient to require reversal. Therefore, we now hold that it is incumbent upon the court to notify the parties involved, either before or at time of consolidation, verbally or in writing, that consolidation is to take place. Failure to do so will be reversible error.

We have examined the transcript of the hearing in question and can find absolutely no suggestion or notice by the district court that a consolidation was to take place. Therefore, we direct that the court vacate its order dismissing the case with prejudice, and hold a full trial on the merits.

It is so ordered.

McMANUS, C. J., and OMAN, J., concur.