Melvin PERRY and next friend, Phyllis
Brown, Plaintiffs-Appellants, ·

v.

Clarence JONES et al.,
Defendants-Appellees.

No. 74–1363.

United States Court of Appeals,
Fifth Circuit.

Jan. 20, 1975.

Rehearing Denied Feb. 13, 1975.

Laurance L. Priddy, Fort Worth, Tex., for plaintiffs-appellants.

John L. Hill, Atty. Gen., Austin, Tex., John B. Tolle, Asst. Dist. Atty., Henry Wade, Crim. Dist. Atty., Dallas, Tex., Joseph G. Werner, Asst. City Atty., John H. Hagler, Asst. Dist. Atty., Dallas, Tex., for defendants-appellees.

Before RIVES, WISDOM and COLE-MAN, Circuit Judges.

COLEMAN, Circuit Judge.

In November, 1971, an armed robbery took place in the Oak Cliff area of Dallas, Texas. The next month, one Edward Campbell was arrested as a principal in this robbery. The following June, two of the robbery victims (females) identified Melvin Perry as a participant in the robbery. Dallas Police Officer H. G. Johnstone, assigned to investigate the case, then issued a "prosecution report" on Perry. This prosecution report, which contains a suspect's name, description, the crime charged, etc., was the customary first step toward an arrest warrant from a Dallas County Justice of the Peace Court. Based on the prosecution report, the district attorney caused a complaint to be filed. A warrant for the arrest of Melvin Perry was directed to the Dallas County Sheriff's Department from the Justice of the Peace Court.

Perry is a high school graduate, had never been in trouble with the law, and was steadily employed. Upon learning that the authorities in Dallas were looking for him, Perry went to the Dallas County Sheriff's Department *to find out why*. Acting on the arrest warrant, Deputies O. G. Smith and M. A. Gafford promptly arrested Perry and put him in jail. He remained there for six days, never taken before a magistrate or given the opportunity to post bail.

Jim .Kitching, the deputy sheriff in charge of the jail where Perry was incarcerated, testified that at the time of Perry's arrest, it was possible for a suspect to be arrested by the Sheriff's Department without the knowledge of the Dallas Police Department. He stated that executed arrest warrants are always returned to the Justice of the Peace Court which issued them and added that only when the Dallas Police Department attaches an "offense report" to the arrest warrant will that Department be notified by the Sheriff's Office that their suspect has been arrested and is in the county jail.

No offense report accompanied Melvin Perry's arrest warrant, and it was not until appellant had been in jail for seven days that the Dallas Police Department, through the efforts of Officer Johnstone, determined that appellant and one Melvin Fears were both in the county jail for the same crime, and that appellant was not a suspect. Perry was released July 11, 1972.

As could have been anticipated, this unhappy sequence of events caused a lawsuit. Through his mother as next friend, Perry sued the Sheriff of Dallas County, the Chief of Police of the City of Dallas, Policeman Harlen Glen Johnstone, and Deputy Sheriffs Kitching, Smith, and Gafford. The cause of action was based upon 42 U.S.C., §§ 1983 and 1985 (violation of federally guaranteed constitutional rights).

Appellant testified that while incarcerated he was kept in a racially segregated and overcrowded area of the county jail, was approached homosexually, did a lot of fighting, was hit in the head by a

thrown shoe, was never taken before a magistrate, and was never given the opportunity to post bond.

The District Court directed verdicts for the Chief of Police, for Policeman Johnstone, and for Deputies Smith and Gafford. The liability, if any, of Sheriff Jones and Deputy Sheriff Kitching went to the jury:

Eight special issues were submitted to the jury. It could agree as to only two of them and they were answered out of sequence.

The jury could not agree on whether the Sheriff and his Deputies knew or reasonably ought to have known that Perry in reasonable probability would be attacked or assaulted while in jail. It could not agree on whether Perry had, in fact, been so attacked or assaulted. Nevertheless, it did agree from a preponderance of the evidence that Perry had sustained no injuries from such assault or attack.

The negative response to the third special issue made it unnecessary to decide (in the form submitted) whether the Sheriff or his Deputies had been negligent, but the jury went ahead, anyway, and agreed that the negligence of these officials, if any, was not the proximate cause of any injuries sustained by the plaintiff. Perry had not notified his jailors of the alleged assaults, and the jury declined to decide whether this was negligence on his part. In any event, the jury did unanimously agree that Perry had not been injured by assault or attack. It also agreed (unnecessarily in view of the first finding) that the negligence of the officers was not the proximate cause of any injuries Perry might have sustained.

The District Court denied plaintiff's motion for a mistrial. On the ground that the unanimous findings of the jury decided the entire case, the Court then entered judgment for all defendants.

Perry contends on appeal that:

1. The trial court erred in ruling that failure to take an arrestee before a magistrate to set bail, as required by Texas law, does not present a federal question.

2. The trial court erred in not proceeding on appellant's state law pendent jurisdiction claim of false arrest and failing to take appellant before a magistrate upon his arrest.

3. The trial court erred (a) in failing to submit issues to the jury concerning appellant's lost wages, mental suffering, and attorney's fees, and (b) in holding that the jury's answers to two of eight special issues was determinative of the entire case.

■■ We think that as to the Chief of Police and Officer Johnstone the directed verdicts were properly granted. The Dallas Chief of Police had no knowledge of Perry's arrest. He did not direct it or participate in it. He did not have Perry in his custody. In other words, he was in no way responsible for anything that happened to Perry. Policeman Johnstone obtained and reduced to writing the statements of witnesses who identified Perry as an armed robber. This was in the line of duty. He did not file the complaint. This was done by another officer, after reference to and clearance by the District Attorney's Office.

■■ Nor are the remaining defendants, Sheriff Jones and his Deputies, guilty of *false arrest.* When appellant identified himself to deputies holding a warrant for his arrest, their duty was to arrest him, Greenwell v. United States, 1964, 119 U.S.App.D.C. 43, 336 F.2d 962, cert. denied, 380 U.S. 923, 85 S.Ct. 921, 13 L.Ed.2d 807. A police officer who arrests someone with probable cause or a valid warrant is not liable for false arrest simply because the innocence of the suspect is later established, Anderson v. Nosser, 5 Cir., 1971, 438 F.2d 183, modified *en banc*, 456 F.2d 835 (1972), cert. denied, 409 U.S. 848, 93 S.Ct. 53, 34 L.Ed.2d 89 (1972).

■ In Kulyk v. United States, 5 Cir., 1969, 414 F.2d 139, 141–142, we held that "[t]he right under the federal rules to be promptly taken before a magistrate has not been given constitutional status and has not been applied to persons in state

custody". See, also, Edwards v. Holman, 5 Cir., 1965, 342 F.2d 679, cert. denied, 384 U.S. 1017, 86 S.Ct. 1934, 16 L.Ed.2d 1039. Further, even though the failure to take Perry before a magistrate violates Texas law, it does not rise to the status of a denial of due process, Anderson v. Nosser, *supra*. See, also, Scarbrough v. Dutton, 5 Cir., 1968, 393 F.2d 6; Baxter v. Rhay, 9 Cir., 1959, 268 F.2d 40.

As to the matters discussed to this point in this opinion the judgment of the District Court is affirmed.

This leaves only the question of whether the District Court, as a matter of pendent jurisdiction, should have submitted Perry's false imprisonment claims to the jury.

Article 15.17 of the Vernon's Ann. Texas Code of Criminal Procedure requires that an arrested person shall *without unnecessary delay* be taken before some magistrate of the county in which the arrest takes place; this duty is to be performed by the person making the arrest, or he shall have it done.

It appears to be the law of Texas that a failure of the arresting officer in this regard may give rise to an action for false imprisonment, see Moore v. State, 149 Tex.Cr.App. 229, 193 S.W.2d 204 (1946); Heath v. Boyd, 141 Tex. 569, 175 S.W.2d 214 (1943); King v. Roberts, 49 S.W.2d 991 (1932), affirmed, 125 Tex. 623, 84 S.W.2d 718.

Deputies Smith and Gafford arrested Perry but they did not take him before a magistrate, nor did they have it done by others. Likewise, Sheriff Jones and Jailor Kitching allowed Perry to remain in jail without the benefit of the right.

Accordingly, Perry's complaint stated a cause of action against these four defendants for false imprisonment.

The District Court declined to submit this aspect of the case to the jury. We think this was error, see Anderson v. Nosser, *supra*, 438 F.2d at 196 and 456 F.2d at 838; United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). This case is not like Lazier v. Weitzenfeld (5 Cir., 1975),

505 F.2d 896, in which there was no factual basis for an alleged violation of federally guaranteed constitutional rights.

To this extent the judgment of the District Court is vacated and remanded for further proceedings not inconsistent herewith.

PER CURIAM:

IT IS ORDERED that the petition for rehearing filed in the above entitled and numbered cause be and the same is hereby denied for the reason that the District Court on remand may more effectively evaluate the argument presented by the petition for rehearing in the light of all the facts in the case, including appellant's argument that he was not afforded an opportunity to furnish bail.