531 F.2d 314
 AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, A.F. OF
L.-C.I.O., LOCAL 3319, UNITED STATES DEPUTY
MARSHALS, Plaintiff-Appellee,
v.
Wayne COLBURN, Director, United States Marshal's Service, et
al., Defendants-Appellants.
 No. 75--3379.
 United States Court of Appeals,
Fifth Circuit.
 May 10, 1976.
 
 John W. Stokes, Jr., U.S. Atty., Atlanta, Ga., Robert E. Kopp, Atty., Rex E. Lee, Asst. Atty. Gen., Appellate Sec., Civil Div., Dept. of Justice, Washington, for defendants-appellants.
 Richard H. Still, Jr., Marietta, Ga., Theodore S. Worozbyt, Atlanta, Ga., for plaintiff-appellee.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before COLEMAN, RONEY and TJOFLAT, Circuit Judges.
 PER CURIAM:
 
 
 1
 The record before this Court reveals that the trial below proceeded with considerable haste. The Atlanta defendants were served with the complaint on June 20, 1975, and the Washington, D.C. defendants were served on June 23, 1975. These summonses clearly state that the defendants were to respond to the complaint within sixty days of service. Defendants were also required to respond to plaintiffs' request for an injunction, and their memorandum was filed June 26, 1975. A hearing which the docket entry described as 'HEARING: On petition for preliminary injunction' was held on June 30, 1975. The transcript of this hearing reveals that counsel (in particular, government counsel who were appearing on extremely short notice) were very poorly prepared. An Order issued on July 2, 1975. Despite the designation of the June 30 hearing as being 'On petition for preliminary injunction', and despite the fact that the sixty day period had only just begun, the July 2 Order decided the entire case on the merits. The relief granted included a declaratory judgment and a permanent injunction. There is no allegation that the parties agreed to a consolidation of the preliminary injunction hearing with the trial on the merits, as provided by Rule 65(a)(2) of the Federal Rules of Civil Procedure. Consolidation cannot be ordered by the court without adequate notice and an opportunity for a full hearing on the merits. See Puerto Rican Farm Workers v. Eatmon, 427 F.2d 210 (per curiam) (5th Cir. 1970).
 
 
 2
 Under the circumstances, we vacate the judgment of the District Court and remand the case for a plenary hearing on all material issues after the defendants shall have answered in compliance with the Rules, Eli Lilly & Co. v. Generix Drug Sales, Inc., 460 F.2d 1096, 1106--07 (5th Cir. 1972); Nationwide Amusements, Inc. v. Nattin, 452 F.2d 651, 652 (5th Cir. 1971).
 
 
 3
 VACATED and REMANDED.