Melvin WILSON, Plaintiff-Appellee,

v.

Robert ZARHADNICK, Superintendent, Colony Farm Prison Branch, Defendant-Appellant.

No. 76–1071
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 23, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Arthur K. Bolton, Atty. Gen., B. Dean Grindle, Jr., G. Thomas Davis, Asst. Attys. Gen., Robert S. Stubbs, II, Chief Deputy Atty. Gen., Richard L. Chambers, Deputy Atty. Gen., Atlanta, Ga., for defendant-appellant.

Melvin Wilson, pro se.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

COLEMAN, Circuit Judge.

In a prisoner suit, the District Court granted certain injunctive relief, hereinafter described. We reverse.

*Facts*

This case began when Melvin Wilson, a Georgia state prisoner, wrote a letter to the United States District Judge, complaining that Robert Zarhadnick, the superintendent of the prison farm at which Wilson was confined, refused to let him have "my legal materials". The letter requested an injunction prohibiting Zarhadnick (a) from transferring plaintiff Wilson from the jurisdiction of the court; (b) from interfering with Wilson's right of access to the courts by withholding legal material; and (c) from harassing plaintiff for filing grievances against the prison. Based on the letter, the District Judge drafted a complaint in the nature of a § 1983 suit. Preliminary and permanent injunctions were prayed for. Despite the lack of the affidavit required by 28 U.S.C., § 1915(a), the complaint was ordered filed in forma pauperis. The defendant-appellant was ordered to show cause why a preliminary injunction should not issue.

On September 12, 1975, a hearing was held on the preliminary injunction. At the hearing the Judge indicated his concern that there is no law library at the Colony Farm Prison Branch, the institution in which Wilson was incarcerated. The hearing ended with the Court stating that "the only problem the Court sees that may exist is access to legal materials needed to have meaningful access to the Court". The Court suggested that the problem be worked out.

On December 3, 1975, the District Court issued an order. The order contained the following:

(a) A permanent injunction requiring the State of Georgia to furnish inmates a legal library containing materials in the area of habeas corpus and civil rights;

(b) A determination that the case is a class action on behalf of all present and future inmates at Middle Georgia Correctional Institute, with plaintiff Wilson as representative of the class. (Although the record is not entirely clear, it appears that

plaintiff is not confined at Middle Georgia Correctional Institute, but at Colony Farm Prison Branch, 4½ miles away). The defendant-appellant is apparently only in charge of the latter institution.

During the hearing Wilson admitted that he has a monthly income of $712.00 and bank savings of $14,000. The Judge then ordered him to pay filing costs.

## Issues

■■■ This appeal presents four issues. We shall state them and decide them, in order.

### First Issue

May a District Court grant class action injunctive relief on the basis of an individual complaint when class relief is not sought by the plaintiff and when, at a hearing on a preliminary injunction, no basis for such relief is established?

We have no hesitancy in responding in the negative. In neither the convict's letter nor in the complaint as filed is there any allegation that class action relief is desired or that a prison library is non-existent. To maintain a class action, the existence of the class must be pleaded and the limits of the class must be defined with some specificity. See Rule 23, F.R.C.P.; *Jones v. Diamond*, 5 Cir., 1975, 519 F.2d 1090; 7A Wright & Miller, Fed.Prac. & Procedure: Civil § 1798; 3B Moore's Fed.Proc., § 23.02–2. The grant, *sua sponte*, of class action relief when it is neither requested nor specified, is an obvious error.

### Second Issue

■■■ When a non-indigent state prison inmate complains that the warden of the institution to which he is assigned has confiscated or withheld his legal materials, but makes no complaint about the absence of a library, may the District Court, consistently with Article III of the Constitution, enter a permanent injunction requiring the state to furnish a library containing basic legal materials at the institution?

Again, clearly, the answer is, "No". Article III courts have jurisdiction over actual controversies; they are not permitted the luxury of issuing advisory opinions. The action taken with reference to this item was, in no way, responsive to the pleadings in the case.

### Third Issue

■■■ Did the Court err in issuing a permanent injunction when there had only been a hearing as to the issuance of a preliminary injunction and there had been no notice or order consolidating the two?

This was error. See, Rule 65(a)(2), F.R.C.P.; *Nationwide Amusements, Inc. v. Nattin*, 5 Cir., 1971, 452 F.2d 651; *T.M.T. Trailer, Inc. v. Union De Tronquistas De Puerto Rico, Local 901*, 1 Cir., 1971, 453 F.2d 1171; *Dillon v. Bay City Construction Company, Inc.*, 5 Cir., 1975, 512 F.2d 801; *American Federation of Government Employees, etc. v. Colburn*, 5 Cir., 1976, 531 F.2d 314 [1976]; *Puerto Rican Farm Workers v. Eatmon*, 5 Cir., 1970, 427 F.2d 210.

### Fourth Issue

■■■ If a state prison inmate is not an indigent, if he has adequate financial resources with which to employ counsel of his own choice, is the state under a constitutional obligation to furnish the inmate with legal research material?

In those cases which have ordered adequate library facilities to be furnished prisoners the petitioners were indigent. They could not buy law books; they could not employ lawyers. Wilson, as already indicated, is financially well off—far from being an indigent. He can afford competent counsel. The record shows that he does buy law books, but he "distrusts lawyers". Wilson is not being denied equal protection of the law when he is required to employ his own counsel and pay for such services. The state is under no duty to provide him with legal materials at public expense.

Interestingly enough, Wilson did not claim such a right or privilege. He complained only that he was being deprived of his own materials. The District Court

made no findings on this issue and decided nothing with reference to it.

The judgment of the District Court is reversed. The case is remanded to the District Court with directions to (1) dissolve the injunction heretofore entered; (2) to strike the court-drafted complaint; and to proceed thereafter as may be appropriate.

REVERSED, and REMANDED WITH DIRECTIONS.