553 P.2d 1261

**LOS LUNAS CONSOLIDATED SCHOOL DISTRICT NO. I, BOARD OF EDUCATION, Jose U. Otero, Ismael S. Gurule, Fidel Aragon, Fred Luna and Elfego Orona, Board Members, Plaintiffs-Appellees,**

v.

**Richard ZBUR and Linda Zbur, his wife, Defendants-Appellants.**

**No. 10655.**

Supreme Court of New Mexico.

July 8, 1976.

Fred M. Calkins, Jr., Albuquerque, for defendants-appellants.

Edward J. Apodaca, Albuquerque, for plaintiffs-appellees.

## OPINION

SOSA, Justice.

On July 21, 1975, the Board of Education of the Los Lunas Consolidated School District No. 1 [hereafter Board], plaintiffs-appellees, sought to enjoin and permanently restrain Richard Zbur and Linda Zbur, his wife, defendants-appellants, from ever attending any school board meeting, school functions, coming upon any school grounds or real property owned by the Los Lunas Consolidated School District No. 1,

and from accosting, bothering or in any manner interfering with the liberty of plaintiffs or any school board officer in or out of the school grounds. On August 4, 1975, the court heard evidence to determine whether the expired temporary restraining order should be continued, and following the hearing granted the permanent restraining order against Mr. Zbur. Defendant Zbur appeals therefrom. We reverse the trial court.

Appellant urges five points for reversal: (1) Plaintiffs' complaint and the court's temporary restraining order were defective as a matter of law; (2) the court failed to give defendant[1] a full opportunity to present all his evidence; (3) injunctive relief was improper because there exists an adequate remedy at law; (4) the judgment or order of restraint was unconstitutionally overbroad and violates defendant's right of free speech, assembly, and suffrage, and (5) the permanent restraining order against defendant from attending school board meetings is contrary to public policy. Improper Advancement and Consolidation

On July 21, 1975 the Board sought and received a temporary restraining order against appellant. On July 28 the appellant filed a motion requesting the court to dissolve the restraining order. The hearing was held on August 4. Appellant requested that the hearing be limited to his motion to dissolve the restraining order. The court found that this motion was moot, since the temporary restraining order had automatically dissolved on August 1 (ten days after the granting thereof). Appellee argued that both parties should be able to present evidence to continue or dissolve the restraining order, to which the court agreed.[2] After the evidence and testimony had been presented to the trial court, it entered a permanent injunction against appellant.

Appellant argues that because he had no notice of the advancement and consolidation, and thought he would only be required to argue against the motion to continue the restraining order, he did not have all of his witnesses present there, and thus he was denied a fair trial. Appellee argues that appellant was put on notice by the rule permitting advancement and consolidation, and, in any event, appellant failed to preserve the error for appeal.

 Subsection (a)(2) of N.M.R.Civ. P. 65 and 66 [§ 21–1–1 (65 and 66), N.M. S.A. 1953] states that:

Consolidation of Hearing with Trial on Merits. Before or *after the commencement* of the hearing of an application for a preliminary injunction, the court *may order* the trial of the action on the merits to ,be advanced and consolidated with the hearing of the application. (emphasis added).

It is clear that the rule by its own terms provides that advancement and consolidation may be ordered after the commencement of the hearing. However, the trial record does not indicate if or when the trial court ordered advancement and consolidation. Apparently it was also done *sua sponte*. In any event, procedural due process imposes some limits upon the rule that advancement and consolidation may be ordered without some kind of notice to the parties. See *Cook v. Klopfer,* 86 N.M. 111, 520 P.2d 267 (1974); *Nationwide Amusements, Inc. v. Nattin,* 452 F.2d 651 (5th Cir. 1971); *Puerto Rican Farm Workers v. Eatmon,* 427 F.2d 210 (5th Cir. 1970); 7 J. Moore, Federal Practice § 65.-04[4] (2d. ed. 1975). We are inclined to adopt a general test: the trial court may order advancement and consolidation, and in any manner, so long as it protects the parties' right to a full hearing on the merits. See *Nationwide Amusements, Inc. v.*

---

1. The permanent injunction was only against Mr. Zbur.

2. In actuality the court and the parties should have been determining whether a preliminary

injunction should be issued. N.M.R.Civ.P. (65 and 66)(b) [§ 21–1–1 (65 and 66), (b) N.M.S.A. 1953].

*Nattin,* supra. In the instant case appellant requested that the hearing be limited to the temporary restraining order, but the court went further and heard evidence and closing arguments, whereupon it granted a permanent injunction against appellant. Not only had the trial court failed to formally order the advancement and consolidation, but also because of the lack of effective notice appellant never had a chance to present testimony of crucial but absent witnesses for his case. Furthermore, by advancing and consolidating the case *sua sponte,* the trial court committed reversible error. *Cook v. Klopfer,* supra.

Injunctive Relief was Improper

Appellant argues that injunctive relief was improper since appellees had an adequate remedy at law. *City of Las Cruces v. Rio Grande Gas Company,* 78 N.M. 350, 431 P.2d 492 (1967); cf. *Kennedy v. Bond,* 80 N.M. 734, 460 P.2d 809 (1969). He argues that § 40A–13–1, N.M.S.A. 1953 (disturbing a lawful meeting), § 40A–20–1, N.M.S.A. 1953 (disorderly conduct), § 40A–3–1, N.M.S.A. 1953 (assault), and § 40A–3–4, N.M.S.A. 1953 (battery), if proven, provide possible statutory remedies available to appellees, as well as corresponding tort actions which provide a remedy at law (monetary damages). Appellee argues that equity has jurisdiction to issue an injunction to protect meetings and that the criminal sanctions are inadequate because the punishment (jail and/or fine) is too broad and the school board "would no longer have any protection from appellant" after he served his time.

■ Mr. Zbur's actions occurred after the school board meeting had adjourned and most people there had already left. There was a question as to who started the altercation, but it is clear that Mr. Ruybalid, the school business manager, received injuries to his face. The police arrived at the scene some thirty minutes later but no criminal charges were filed. On the basis of these facts we are inclined to agree with appellant Zbur's position. As a general rule equity will not issue an injunction to restrain torts or crimes against the person, generally because the remedy at law is adequate and because the granting of an injunction might infringe constitutional guarantees of freedom of speech, press, or might abridge a right to trial by jury. See 42 Am.Jur.2d, Injunctions § 157 at 916 (1969); Annot., 175 A.L.R. 438, 502 (1948). Since the alleged criminal assaults and batteries in this case only occurred once, the exception to the above general rule—repeated assaults or batteries may warrant injunctive relief—is not pertinent here. See *Kennedy v. Bond,* supra.

The issue of whether or not injunctive relief is proper in cases dealing with rights of a personal character as in this case was not raised and we do not need to reach it since we reverse on other grounds. See *Orloff v. Los Angeles Turf Club,* 30 Cal.2d 110, 180 P.2d 321 (1947); Annot., 171 A.L.R. 913, 926 (1947).

Injunction was Overbroad

■ Finally, we reach the question of whether the injunction was overbroad in that it curtailed appellant's constitutional right to free speech, assembly, and suffrage. The injunction stated:

. . . that Defendant Richard Zbur be and he is hereby permanently restrained from attending any School Board meetings, attending any school function, or being personally present at or in, or coming upon any school grounds or real property owned by the School Board of the Los Lunas Consolidated School District No. 1 within said District, or accosting, bothering or in any other manner interfering with the liberty of Plaintiffs or any School Board officials in and out of school grounds.

Without reaching the abridgement of appellant's right to free speech, assembly, and suffrage, we hold that the injunction was overbroad. The alleged wrong committed by appellant was an altercation with one member of the Board. An injunction, if this were the proper remedy in this case, should have gone no further than ordering

Mr. Zbur to refrain from committing future overt threats to, or assaults or batteries on members of the Board. Everything else was superfluous to the wrong sought to be remedied.

This case being reversed on other grounds, we do not reach the issue whether the complaint was plead properly pursuant to N.M.R.Civ.P. 65 and 66, supra.

The trial court is reversed and the permanent injunction against appellant is dissolved.

McMANUS and MONTOYA, JJ., concur.