Estella BROWN, Plaintiff-Appellant,

v.

Commander KNOX et al.,
Defendants-Appellees.

No. 76-3094
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 25, 1977.

Rehearing and Rehearing En Banc
Denied March 23, 1977.

---

Henrietta E. Turnquest, Columbus, Ga., for plaintiff-appellant.

Lennie F. Davis, City Atty., Columbus Ga., E. H. Polleys, Jr., Assoc. City Atty., for Government Center.

Before GODBOLD, HILL and FAY, Circuit Judges.

GODBOLD, Circuit Judge:

This case comes to us on appeal from the district court's dismissal of a 42 U.S.C. § 1983 complaint, without prejudice to the right of the plaintiff to sue in state court. The precise issue is whether the doctrine of pendent jurisdiction established in *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), required the district court to hear plaintiff's federal and state claims. We hold that it did.

Plaintiff, a black woman, alleged a series of harassments by two police officers, which culminated in an unconstitutional arrest and a subsequent prosecution of plaintiff to discourage her from bringing brutality charges, to discredit such charges, and to punish her because of her race and her resistance to the harassment. These allegations formed the basis of a § 1983 claim as well as pendent state claims for false imprisonment, intentional infliction of emotional distress, malicious prosecution, assault and battery, and conversion. The district court dismissed on the ground that it would defer to state court jurisdiction, because the federal claim was "simply incidental to the state law counts," which constituted the "real body" of the case and which would "substantially predominate not only in the scope of the litigation and in

terms of proof, but also in the nature of the remedy sought."

The district court failed to apply the proper jurisdictional test to the complaint before it. *Gibbs* held that if the federal issues in the case are substantial, and if the state claims "derive from a common nucleus of operative fact," the federal court has the "judicial *power*" to hear the whole case, i. e., both federal and state-based claims. 383 U.S. at 725, 86 S.Ct. at 1138, 16 L.Ed.2d at 227–28 (emphasis in original). We find that both of these jurisdictional prerequisites have been met here.

■ First, the federal § 1983 claim is substantial. The allegations of police harassment certainly suffice to confer subject matter jurisdiction on the district court. See, e. g., *Anderson v. Nosser,* 438 F.2d 183 (C.A.5, 1971), *modified en banc,* 456 F.2d 835 (C.A.5, 1972), *cert. denied,* 409 U.S. 848, 93 S.Ct. 53, 34 L.Ed.2d 89 (1972); cf. *Burton v. Waller,* 502 F.2d 1261, 1274–75 n. 6A (C.A.5, 1974), *cert. denied,* 420 U.S. 964, 95 S.Ct. 1356, 43 L.Ed.2d 442 (1975). Jurisdiction being satisfied, the relative number, size, or apparent significance of federal versus state claims is irrelevant to the question of judicial power.

Second, the state and federal claims derive from a common nucleus of operative fact. Taking it most favorably to her, *Sims v. Adams,* 537 F.2d 829 (C.A.5, 1976), plaintiff's complaint is that the police officers, having refused to identify themselves and having failed to produce a warrant, threatened, beat, kicked, insulted, pushed, and abducted her after she saw them exiting her home. They then carried her, partially clothed, to the police station, held her incommunicado, and charged her with public drunkenness, disorderly conduct, and resisting arrest—none of which charges ever came to trial. These allegations form the basis of plaintiff's claim under the Fourth and Fourteenth Amendments. This same chronology of alleged events will also be the focus of her various state tort claims.

■ We thus hold that the district court had the jurisdictional *power* to entertain the Georgia tort allegations in the complaint. A second question then remains. Could the court exercise its *discretion,* vis-a-vis these claims and these claims alone, to refuse to hear them anyway? "[P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right." *Gibbs, supra,* 383 U.S. at 726, 86 S.Ct. at 1139, 16 L.Ed.2d at 228.[1] In *Gibbs* Justice Brennan catalogued the relevant factors affecting the discretion question. See also *Aldinger v. Howard,* 427 U.S. 1, 33–37, 96 S.Ct. 2413, 2429–2430, 49 L.Ed.2d 276, 298–99 (1976) (Brennan, J., dissenting). We have given due consideration to these factors. "In view of the posture of the case before the district court, we think the court lacked an acceptable basis for exercising its discretion to refuse to entertain the pendent jurisdiction claim." *Knuth v. Erie-Crawford Dairy Cooperative Association,* 395 F.2d 420, 427 (C.A.3, 1968). In so holding, we take note of the Supreme Court's dictum in *Hagans v. Lavine,* 415 U.S. 528, 545, 94 S.Ct. 1372, 1383, 39 L.Ed.2d 577, 592–93 (1974):

> . . . it is evident from Gibbs that pendent state law claims are not always, or even almost always, to be dismissed

The court did not distinguish among *Gibbs* power, *Gibbs* discretion, and federal abstention inquiries. Because the § 1983 claim here is *substantial* (and the state and federal claims derive from a common nucleus of operative fact), the district court had the power under *Gibbs* to hear both. The language of *Gibbs* tracked in the court's opinion answers the discretion question, not the power one, and only the discretion to dismiss the *state* claims, not the entire case. Finally, the district court noted,

> "In these circumstances sound principles of federalism dictate that this Court should de-

fer to state court jurisdiction of this matter. For this reason the Defendants' motion to dismiss the complaint is sustained and the complaint is dismissed."

No abstention doctrine requires federal courts to relinquish their jurisdiction over federal claims simply because the same facts would state a claim under state law. Indeed, in the § 1983 context such "abstention" would be peculiarly inappropriate. *Monroe v. Pape,* 365 U.S. 167, 183, 81 S.Ct. 473, 481–482, 5 L.Ed.2d 492, 503 (1961). *But cf. Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976).

and not adjudicated. On the contrary, given advantages of economy and convenience and no unfairness to litigants, Gibbs contemplates adjudication of these claims.

Here, with the possible exception of the claim for intentional infliction of emotional distress, the issues of state law are not particularly complex but rather spring from traditional tort actions. As a result, we need not be overly concerned with "procuring for [the parties] a surer-footed reading of applicable law." *Gibbs, supra,* 383 U.S. at 726, 86 S.Ct. at 1139, 16 L.Ed.2d at 228. Neither do we foresee that the proof will be substantially devoted to the unique elements of the state tort actions, or that the issues or remedies involved in these actions will "substantially predominate" the litigation. In short, principles of judicial economy, convenience, and fairness to litigants dictate the assumption of jurisdiction over the state claims. See *Perry v. Jones,* 506 F.2d 778 (C.A.5, 1975); cf. *Knuth, supra,* at 427.

REVERSED and REMANDED.