WAREHOUSE GROCERIES MANAGEMENT, INC., a corporation, et al., Plaintiffs-Appellants,

v.

SAV–U–WAREHOUSE GROCERIES, INC., a corporation, Defendant-Appellee.

No. 79–1131.

United States Court of Appeals, Fifth Circuit.

Aug. 21, 1980.

Thad G. Long, Walter J. Sears, III, Birmingham, Ala., Julius R. Lunsford, Jr., Atlanta, Ga., for plaintiffs-appellants.

Denaburg, Schoel, Meyerson & Ogle, Richard F. Ogle, Birmingham, Ala., Jennings, Carter & Thompson, Hugh P. Carter, Birmingham, Ala., for defendant-appellee.

Before TUTTLE, RANDALL and TATE, Circuit Judges.

TUTTLE, Circuit Judge:

This is an appeal by the plaintiffs in a suit under the Lanham Act, 15 U.S.C. § 1125(a) for preliminary and permanent injunction and for damages against the defendant. The trial court denied the preliminary injunction and, invoking Rule 42(b), Federal Rules of Civil Procedure, after the hearing on the motion for preliminary injunction, consolidated the hearing on the merits of the case with the hearing for preliminary injunction, and accordingly denied the permanent injunction and dismissed the case, including pendent state claims for unfair competition.

The appellants appeal from the denial of the preliminary injunction on the asserted grounds that the trial court misconceived the basis for considering the respective rights of the parties, and particularly appeal from the action of the court in entering an order after the hearing on preliminary injunction consolidating the hearing on the merits with the hearing on preliminary injunction. Appellant also complains of the trial court's dismissal of all state claims alleged in the complaint on the ground that, having found that the plaintiff's claim was not "substantial" the court lacked jurisdiction to continue consideration of the state claims.

In view of the wide discretion of the trial court to deny preliminary injunction, we do not disturb the judgment of the trial court dealing with such denial. *See Canal Authority of the State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974) and *Blackshear Residents Organization v. Romney*, 472 F.2d 1197, 1198 (5th Cir. 1973). In affirming this part of the trial court's judgment, we express no views with respect to the correctness of the court's final decision of the case on the merits. We decide only that we cannot say that the trial court abused its discretion in denying the preliminary injunction.

We now turn to the order of consolidation, which, entered after the conclusion of the hearing on the motion for preliminary injunction, for the first time notified the plaintiffs that they had had their day in court so far as the merits of the case were concerned. Rule 65(a)(2) of the Federal Rules of Civil procedure provide:

*Injunctions*

(a) *Preliminary Injunction.*

(2) *Consolidation of Hearing with Trial on Merits.* Before or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application.
. . . .

A literal reading of this section seems to warrant what the trial court did in this case. Several days before the case went to trial on the motion for preliminary injunction, the court notified the parties that under the provisions of Rule 65(a)(2) the court "might" enter an order of consolidation. This statement was repeated upon the beginning of the hearing on the motion for preliminary injunction. Thereafter, the court made no mention of an order of consolidation, but during its concluding remarks to counsel, the court made the following comment:

> I don't recall the date, around the middle of June–July, I entered an order alerting the parties to the prospect that the court may at some point in connection with the proceedings here today under Rule 65(c), a hearing on the merits with regard to 1125(a) issue. [sic] *I think we will have to wait to see how proceedings develop, whether it would be appropriate to do that.* . . . [Emphasis added.]

Then, after the motion for preliminary injunction had been heard and counsel had made final argument, the court stated:

> Now we have had our day in court, because as a practical matter, right or wrong, good or bad, the day in court is going to have occurred with the ruling on the preliminary injunction. As a practical matter, if it is granted, she has got to comply with it until she gets it reversed or until we change our minds and so the plaintiffs, if it is overruled, she is going to be in business, ripping him off, can go for a long period of time, *because this case won't come up on trial for its merits for a substantial period of time.* . . . [Emphasis added.]

Subsequently, dated the same day as the final judgment in the case, the trial court entered an order consolidating a hearing on the merits with the hearing on the preliminary injunction, previously held. As we have stated above, this course of action appears not to be in violation of the language of Rule 65(a)(2). However, this Court has, on a number of occasions, restricted the use of this rule to cases in which the party adversely affected by the entry of such an order has been given adequate notice and an opportunity to object before his right to a separate hearing on the merits of the case has been foreclosed. *Dillon v. Bay City Construction Co.,* 512 F.2d 801 (5th Cir. 1975); *American Federation of Gov. Emp., etc. v. Wayne Colburn, etc.,* 531 F.2d 314 (5th Cir. 1976); *Puerto Rican Farm Workers v. Eatmon,* 427 F.2d 210 (5th Cir. 1970). The other cases in this Circuit cited *Eatmon* as the basis for the rule that the order of consolidation provided for under Rule 65(a)(2) cannot be made effective by the trial court without adequate notice to the parties. In that case, the trial court had set down for hearing a motion for preliminary injunction and at the conclusion of the day's hearing, stated for the first time that it might consolidate the cases under the rule. The following morning the court called for oral arguments, whereupon plaintiffs offered what they described as newly discovered evidence. The court refused to admit the evidence for any purpose and stated that the hearing had been completed the day before and that the case was under submission. Subsequently, the court denied all relief, temporary and permanent, and dismissed the case.

This Court said:

> The record does not show consent by plaintiffs to consolidation—in fact it shows resistance by plaintiff from the time it was first mentioned.
>
> The denial of a permanent injunction is vacated. The case is remanded, and plaintiffs must be accorded the right to a hearing on the merits.

Here, it is understandable that no objection was made by plaintiffs to the original notice given seven days before trial of the motion for preliminary injunction, because the court merely stated that it "might" enter an order of consolidation. Then, when it came to the conclusion of the hearing, the court expressly referred to the fact that it would enter an order on the preliminary injunction, which the parties would have to comply with pending appeal and

then stated: "This case won't come up on trial for its merits for a substantial period of time." Obviously, there was thus nothing at that point to put plaintiff's counsel on notice that they were at the end of their litigation. In their motion for new trial, counsel expressly challenged the correctness of the court's thus terminating the case on the merits. In its order overruling the motion for new trial, the court said:

The second matter is movant's raising, for the first time, an objection to a F.R. C.P. Rule 65(a) consolidation. Movants had two earlier opportunities timely to urge likely prejudice by such consolidation, one after receipt of the written order a week before the hearing and the other on the morning of the hearing when the court reminded the parties of the likelihood of the consolidation. The court therefore views movants' current objection as both untimely and waived.

With deference, the court seems to have overlooked the significance of the requirement that the parties be put on notice some time before it is too late for them to make sure that they have developed their case to the full that they are now on trial. At no time, in this case, were plaintiffs notified that it was necessary for them to produce all of the evidence available to them, or to produce the witnesses in open court rather than to proceed by deposition, because otherwise the court would decide after the hearing had concluded that they had had their last day in court. Under the rule, a court apparently can notify a party some time during the trial that it plans to issue such an order. This power itself is restricted by the limitations imposed upon the courts in utilizing the rule by the cited cases. The order cannot come so late in the hearing that it is impossible for the parties adequately to develop their entire case. Here, when the parties separated at the conclusion of the hearing on the preliminary injunction, they all had been assured by the trial court that a trial on the merits was still in the offing. Thus, a motion for a new trial was the first vehicle by which the plaintiffs could convey their objection to the entry of such an order. As was true in

*Eatmon*, they did not learn they were out of court until after the hearing had been completed. The case must therefore be remanded in order that the plaintiffs may be accorded the right to a hearing on the merits.

■ There was one more fault in the judgment of dismissal. The complaint had alleged several causes of action, some of them under the Alabama state law and some under the Lanham Act. The trial court, having concluded that the plaintiffs were not entitled to prevail, determined that their federal claim was not "substantial," and dismissed the state claims. 28 U.S.C. § 1338(b) provides:

A district court shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent, plant variety protection or trademark laws.

Entirely apart from the express provisions of this section, the courts have judicially recognized the right of a federal court to entertain jurisdiction of a state claim when properly identified with a federal claim over which the court has jurisdiction. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). This Court has interpreted the holding in the *Gibbs* case to require a district court to retain jurisdiction over a state claim that "derive[s] from a common nucleus of operative fact" with the federal claim. In *Brown v. Knox*, 547 F.2d 900 (5th Cir. 1977), this Court reversed a district court's dismissal of a state claim when it found against plaintiff on her federal claim. This Court cited *Hagans v. Levine*, 415 U.S. 528, 545, 94 S.Ct. 1372, 1383, 39 L.Ed.2d 577 (1974) in which the Court said:

It is evident from *Gibbs* that pendent state law claims are not always, or even almost always, to be dismissed and not adjudicated. On the contrary, given advantage of economy and convenience and no unfairness to litigants, *Gibbs* contemplates adjudication of these claims.

The Court reversed the judgment of the trial court and stated: "In short principles of judicial economy, convenience, and fairness to litigants dictate the assumption of jurisdiction over the state claims. *See Perry v. Jones*, 506 F.2d 778 (5th Cir. 1975)." 547 F.2d at 903. Here, we are satisfied that the claim made on behalf of the plaintiffs was a "substantial" claim. The mere fact that the trial court determined the issues against the plaintiff (improvidentially, as to the merits, as we have previously seen) would not keep the claim from being "substantial." Under these circumstances, there was no excuse for the trial court's not retaining the state court claims for unfair competition to be tried in the federal jurisdiction.

The judgment denying a preliminary injunction is AFFIRMED. The judgment dismissing the complaint on the merits and dismissing the state claims is REVERSED. The case is REMANDED to the district court for further proceedings not inconsistent with this opinion.