Douglas W. WOHLFAHRT, M.D.,
Plaintiff-Appellant,

v.

MEMORIAL MEDICAL CENTER, et al.,
Defendants-Appellees.

No. 80–2159
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.*
Unit A

Oct. 8, 1981.

V. Camp Cuthrell, III, Corpus Christi,
Tex., for plaintiff-appellant.

* Former Fifth Circuit case, Section 9(1) of Public
Law 96–452—October 14, 1980.

**417**

Alsup & Alsup, Wm. DeWitt Alsup, Corpus Christi, Tex., for defendants-appellees.

Before AINSWORTH, REAVLEY and RANDALL, Circuit Judges.

AINSWORTH, Circuit Judge:

Appellant Douglas Wohlfahrt, a physician, brought this action under 42 U.S.C. §§ 1983 and 1985 for damages and injunctive relief, alleging that defendant-appellee Memorial Medical Center and certain members of its medical supervisory staff deprived him of liberty and property interests without due process of law by wrongfully preventing him from continuing his residency at the center. The defendants answered that Wohlfahrt voluntarily resigned his residency. After a hearing, the district court denied Wohlfahrt's motion for a preliminary injunction and dismissed his suit. Wohlfahrt appeals, urging that preliminary injunctive relief was erroneously denied and that dismissal of his case at this juncture was procedurally improper.

■ At the focus of this dispute are Wohlfahrt's statements to his superiors, Doctors Archer and Calma. Both doctors testified that Wohlfahrt said he was resigning. Wohlfahrt admitted that he had not returned to work for two weeks after he spoke with Drs. Archer and Calma. Wohlfahrt stated at the hearing, however, that he had never resigned during any conversation with them. Faced with directly conflicting testimony, the court expressly found that Wohlfahrt had voluntarily resigned, and that oral resignation was effective under his contract with the center. Though contested by Wohlfahrt, these findings are not "clearly erroneous" and will not be disturbed on appeal. Fed.R.Civ.P. 52(a). The district court has discretionary authority to determine whether to grant or deny a preliminary injunction. *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430, 435 (5th Cir. 1981); *Clements Wire and Manufacturing Co. v. NLRB*, 589 F.2d 894, 897 (5th Cir. 1979). *See Canal Authority of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). Based on its reasonable appraisal of the probability of Wohlfahrt's prevailing on the merits, the court did not abuse its discretion in refusing his plea for preliminary injunctive relief.

■ Acting upon the same findings, the court also dismissed Wohlfahrt's action for lack of federal subject matter jurisdiction. Wohlfahrt asserted that federal jurisdiction attached under 28 U.S.C. §§ 1331 and 1343(1), (3) and (4). Dismissal of a claim for want of federal jurisdiction is appropriate only if it is insubstantial and frivolous or it is immaterial and made solely to contrive jurisdiction. *Duke Power Co. v. Carolina Environmental Study Group*, 438 U.S. 59, 68–72, 98 S.Ct. 2620, 2628–29, 57 L.Ed.2d 595 (1978); *Hagans v. Lavine*, 415 U.S. 528, 537–43, 94 S.Ct. 1372, 1379–82, 39 L.Ed.2d 577 (1974); *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666–67, 94 S.Ct. 772, 777, 39 L.Ed.2d 73 (1974); *Bell v. Hood*, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946); *Williamson v. Tucker*, 645 F.2d 404, 412–17 (5th Cir. 1981); *Curtis v. Taylor*, 625 F.2d 645, 649–50 (5th Cir. 1980). "Where the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court ... is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Williamson v. Tucker, supra*, 645 F.2d at 415 (footnote omitted). The court dismissed Wohlfahrt's case only after hearing his testimony and resolving a pivotal credibility issue. The evidence plainly pertained to the underlying merits of Wohlfahrt's claim, not merely to the "threshold determination" of the existence of jurisdiction. *Hagans v. Lavine, supra*, 415 U.S. at 538, 94 S.Ct. at 1380. Though evidently viewing the dismissal as purely jurisdictional, the district court in effect ruled on the substance of Wohlfahrt's case.

■ Following the evidentiary hearing on injunctive relief, the court dismissed the case without notice to the parties that the

merits were under consideration. Ordinarily, on order of the court, a trial on the merits may be consolidated with a hearing on a motion for a preliminary injunction. Fed.R.Civ.P. 65(a)(2). Whether the consolidation is express or implied, however, sufficient notice is required to permit the parties to develop their cases fully. *Warehouse Groceries Management, Inc. v. Sav-U-Warehouse Groceries, Inc.*, 624 F.2d 655, 656–58 (5th Cir. 1980); *Nationwide Amusements v. Nattin*, 452 F.2d 651, 652 (5th Cir. 1971); 11 Wright & Miller, Federal Practice and Procedure: Civil § 2950 at 486–90 (1973). Absent such notice, the complaining party is entitled to a hearing on the merits unless the failure to afford notice had no prejudicial effect on consideration of his claim. *Willits v. Richardson*, 497 F.2d 240, 244 (5th Cir. 1974); *Eli Lilly and Co. v. Generix Drug Sales, Inc.*, 460 F.2d 1096, 1106–07 (5th Cir. 1972). The record on appeal is not entirely clear whether Wohlfahrt was actually denied an opportunity to develop the merits of his claim adequately. Wohlfahrt was the only witness in his behalf, although he testified at length regarding the disputed conversations with officials at the center. The court restricted the scope of the testimony to evidence relating to the propriety of injunctive relief. Wohlfahrt contends that preparation of his case was impossible during the month that elapsed between the filing of his complaint and the hearing on preliminary injunctive relief.

We conclude that the case should be remanded so that the district court may determine whether Wohlfahrt had a fair opportunity to present all of the pertinent evidence in his case. If the court should find that Wohlfahrt was denied such an opportunity, it should conduct a supplemental hearing to permit him to prove his case completely.[1]

To the extent that the district court's order denied the preliminary injunction it is affirmed; that portion of the order dismissing the action is vacated and remanded for further proceedings not inconsistent with this opinion.

AFFIRMED in part; in part VACATED and REMANDED.

---

1. Rule 65(a)(2) of the Federal Rules of Civil Procedure provides in part that "any evidence received upon an application for a preliminary injunction which would be admissible upon the trial on the merits becomes part of the record on the trial and need not be repeated upon the trial."