**Carlos Eloy Alvarez GARCIA,
Plaintiff-Appellant,**

v.

**William French SMITH, Attorney General of the United States Department of Justice, et al., Defendants-Appellees.**

No. 82–5317.

United States Court of Appeals,
Eleventh Circuit.

July 19, 1982.

Robert L. Boyer, Miami, Fla., for plaintiff-appellant.

Daniel E. Fromstein, Dept. of Justice, Crim. Div., Lauri Steven Filppu, General Litigation & Legal Advice Section, Washington, D. C., for defendants-appellees.

## ON PETITION FOR REHEARING

(Opinion filed April 13, 1982)

Before GODBOLD, Chief Judge, JOHNSON and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge:

Appellees' petition for panel rehearing is now presented. Appellees express concern about the possible implications of our opinion. 11 Cir., 674 F.2d 838. We take this opportunity to resolve any ambiguity in our holding and modify our April 13, 1982, opinion in the following respects.

First, our ruling that the district court has subject matter jurisdiction to hear Garcia's claims pertaining to his exclusion as an alien stowaway does not imply a ruling that he should be accorded the procedural rights that 8 U.S.C.A. §§ 1225 & 1226 grant non-stowaway aliens excluded from this country. We recognize that 8 U.S.C.A. § 1323(d) mandates exclusion of alien stowaways without such procedural rights. *See also* 8 U.S.C.A. § 1182(a)(18). Garcia does, however, claim that "the Refugee Act of 1980 mandated that denials of asylum could be reviewed by Immigration Judges during the course of deportation proceedings—thus superseding [8 U.S.C.A. § 1323(d),] which precludes stowaways from hearings before Immigration Judges." Although we do not resolve the merits of this claim, we note that the court below did not address it. However unlikely it is that Garcia's argument is correct, he is entitled to raise it. The district court has subject matter jurisdiction over the argument and should resolve it.[1]

Second, we do not dispute the general propriety of the district court's action in consolidating a hearing on whether to continue temporary relief with a hearing on the merits. Indeed, in the context of immigration cases, in which denial of temporary relief probably is tantamount to denial of all relief, it is perhaps the best procedure to follow. Nevertheless, despite the advantages of such action, and despite the need for expeditious treatment of cases involving temporary restraining orders, *see* Fed.R. Civ.P. 65(b), when a hearing on temporary relief is consolidated with resolution of the merits of the case, the court must ensure that the parties have notice sufficient to allow them to present their cases fully. *Wohlfahrt v. Memorial Medical Center*, 658 F.2d 416, 417–18 (5th Cir. 1981); *Warehouse Groceries Management, Inc. v. Sav-U-Warehouse, Inc.*, 624 F.2d 655, 656–58 (5th Cir. 1980); *Nationwide Amusements, Inc. v. Nattin*, 452 F.2d 651, 652 (5th Cir. 1971). Absent such notice a party is entitled to be heard on the merits unless the failure to afford notice did not prejudice consideration of his claim. *Wohlfahrt, supra; Willits v. Richardson*, 497 F.2d 240, 244 (5th Cir. 1974); *Eli Lilly and Co. v. Generix Drug*

---

1. We note that, if Section 1323(d) has not been superseded, an individual contesting his automatic exclusion from this country under that statute without a hearing generally will be able to contest in court only the INS findings that he is in fact a stowaway and an alien, and hence an individual to whom the statute applies. Since Garcia concedes that he is an alien and does not dispute the district court's finding that he is a stowaway, if the district court finds that Garcia's argument that Section 1323(d) has been superseded is without merit it should dismiss the portion of his petition concerning his exclusion as a stowaway. It should, however, do so on the merits and not for lack of jurisdiction.

*Sales, Inc.,* 460 F.2d 1096, 1106–07 (5th Cir. 1972).

The record of this case indicates to us that Garcia may not have had a fair opportunity to present his arguments on the merits. The court held its hearing, the scope of which we cannot ascertain because no transcript apparently is available, only two days after it issued its temporary restraining order and after notice that did not specifically state that the merits would be resolved along with the propriety of continuing temporary relief. The court's ruling, issued just one day after the hearing, did not consider one of the arguments Garcia asserts he raised below. The record, moreover, does not indicate that Garcia was afforded any opportunity to present memoranda of law regarding his claims prior to issuance of the order. In order to ensure that expeditious treatment of this case was not so hasty as to prevent Garcia from having a fair opportunity to present the merits of his claim concerning his request for asylum, we REMAND the case to the district court for reconsideration of its ruling on the merits after Garcia has had the chance to present his arguments. We imply no judgment on the validity of his claim.

The petition for rehearing is in all other respects DENIED.